# *In re* JAMES POLLITZ, PETITIONER.

## PETITION FOR WRIT OF MANDAMUS.

### No. 16, Original.   Argued April 8, 1907.—Decided May 27, 1907.

The writ of mandamus cannot be used to perform the office of an appeal or writ of error; it will not issue to compel the Circuit Court to reverse its decision refusing to remand a case removed by a defendant on the ground that the controversy between it and the plaintiff is separate and fully determinable without the presence of the other defendants. Such a decision being within the jurisdiction and discretion of the court should be reviewed after final judgment by appeal or writ of error.

JAMES POLLITZ, a citizen of the State of New York, brought suit in the Supreme Court of the State of New York for the county of New York against the Wabash Railroad Company, a consolidated railroad corporation existing under the laws of the States of Ohio, Michigan, Illinois and Missouri, and a citizen of the State of Ohio; and sundry other defendants, chiefly citizens and residents of the State of New York, being individual directors of the railroad company; the trust company, registrar of the stock of the railroad company; a committee representing debenture holders; mortgage trustees, etc. The complaint alleged in substance that the railroad company in 1906 entered into certain negotiations for the retirement of the debenture mortgage bonds of the company through the issue of other securities, both bonds and stocks, and that the plan to accomplish that end was subsequently authorized and approved by the stockholders of the company and debenture mortgage bondholders, at a meeting at Toledo, October 22, 1906, at which the issue of certain new bonds and preferred and common stock of the company and the exchange of certain new bonds, preferred and common stock, for the company's debenture mortgage bonds was authorized and approved. The complaint alleged that the plan of exchange was unlawful, unauthorized, and contrary to the laws of the States in which

the company was organized, and was unjust, inequitable and injurious to complainant, who claimed to be the owner of one thousand shares of the common capital stock of the railroad company. It was also alleged that ninety per cent. of the debenture holders voted in favor of the exchange, and that the plan had been carried out as to more than nine-tenths of the debenture bonds, and new bonds and stocks to the requisite amount had been issued. And it was prayed that the plan "be decreed and adjudged to be *ultra vires*, and that all said bonds and the preferred and common stock, used and issued and applied by the said Wabash Railroad Company for the purpose and plan of said scheme be decreed and adjudged of no effect." The complaint prayed in the alternative that if the court should decree that Pollitz was not entitled to the main relief he had asked, then that he might have an accounting by the defendant officers and directors of the railroad company, etc., in respect of the new bonds and common and preferred stock which had been issued under the plan of exchange.

The railroad company filed its petition to remove the case into the Circuit Court of the United States for the Southern District of New York, which set forth in substance the foregoing matters, and further averred:

"That your petitioner disputes the claim against it as set forth by the plaintiff in his complaint, and denies that the plaintiff is entitled to the judgment and relief prayed for against this petitioner or to any judgment or relief against it; and this petitioner alleges that the fundamental and primary controversy, as set forth in said complaint, is whether or not the plan for the exchange of the debenture mortgage bonds by this petitioner, the authorization and creation by it of the new securities in the said complaint set forth and the issue of the same by it for the purpose of carrying said plan into effect is, as alleged in said complaint, illegal, unlawful, void and prohibited by the charter of this petitioner and the laws under which it is incorporated; and whether said new se-

curities are, as alleged in said complaint, invalid and void; and that such controversy is a separable and distinct controversy between the plaintiff and this petitioner.

"That a complete determination of said controversy can be had without the presence of any of the defendants in this action other than this petitioner; and that all of said other defendants are neither indispensable nor necessary parties to the complete determination of said controversy.

"That the foregoing controversy, which is solely between the plaintiff and the petitioner, must be determined before any other controversy alleged in the complaint can be considered and determined; and that said controversy between the plaintiff and this petitioner, as above set forth, is separate and distinct from any other or further controversy.

"That said fundamental and primary controversy herein between the plaintiff and this petitioner is a controversy wholly between citizens of different States—to wit: Between the plaintiff, a citizen of the State of New York, and this petitioner, a citizen of the State of Ohio."

The cause was removed, and Pollitz made a motion to remand, which was denied by the Circuit Court, Lacombe, J., presiding.

Pollitz thereupon applied to this court on March 18 for leave to file a petition for a writ of mandamus directing the cause to be remanded to the state court. Leave to file was granted March 25, and a rule was entered thereon returnable April 8, to which return was duly made to the effect that the order denying the motion of Pollitz to remand the cause had been made and entered in the exercise of the jurisdiction and judicial discretion conferred upon the circuit judge by law and for the reasons expressed in his opinion filed with the order. The case was heard on the return to the rule.

*Mr. Roger Foster* for petitioner:

The Circuit Court of the United States had no original jurisdiction of the case, since the presence of all the defendants

was indispensable to an adjudication concerning any part of the relief prayed against the Wabash Railroad Company. There can be no right to the removal of the case of a controversy, of which that court could not have taken original jurisdiction. *Ex parte Wisner*, 203 U. S. 51.

There can be no separable controversy where all the parties are indispensable to the determination of the matters in dispute between the plaintiff and the defendant, who seeks a removal.

There can be no removal, when an indispensable party to the controversy is a citizen of the same State as any party on the side opposite to him. When the removal is because there are two controversies, the case must be separable into parts, so that in one of them a controversy will be presented wholly between citizens of different States, which can be fully determined without the presence of the other parties. *Gardner* v. *Brown*, 21 Wall. 36; *Hyde* v. *Ruble*, 99 U. S. 407; *Fraser* v. *Jennisen*, 106 U. S. 191; *Winchester* v. *Loud*, 108 U. S. 130; *Shainwald* v. *Lewis*, 108 U. S. 158; *Ayers* v. *Wiswall*, 112 U. S. 187; *St. Louis & S. F. R. Co.* v. *Wilson*, 114 U. S. 60; *Torrence* v. *Shedd*, 144 U. S. 527; *Merchants' Cotton Press & Storage Co.* v. *Insurance Co. of North America*, 151 U. S. 368; *Bixby* v. *Couse*, Fed. Cas. No. 1451; *S. C.*, 8 Blatchf. 73; *Maine* v. *Gilman*, 11 Fed. Rep. 214; *Connell* v. *Utica, U. & E. R. Co.*, 13 Fed. Rep. 241; *New Jersey Zinc & Iron Co.* v. *Trotter*, 18 Fed. Rep. 337; *Gudger* v. *Western N. C. R. Co.*, 21 Fed. Rep. 81; *Capital City Bank* v. *Hodgin*, 22 Fed. Rep. 209; *Snow* v. *Smith*, 88 Fed. Rep. 657; *Insurance Co. of North America* v. *Delaware Mut. Ins. Co.*, 50 Fed. Rep. 243; *Burke* v. *Flood*, 1 Fed. Rep. 541; *Lyddy* v. *Gano*, 26 Fed. Rep. 177; *Perrin* v. *Lepper*, 26 Fed. Rep. 545; *Vinal* v. *Continental Const. & Imp. Co.*, 35 Fed. Rep. 673; *Rogers* v. *Van Nortwick*, 45 Fed. Rep. 513; *Barth* v. *Coler*, 60 Fed. Rep. 466; *Carter* v. *Scott*, 82 Georgia, 297; *S. C.*, 8 S. E. Rep. 421; *Burch* v. *Davenport & St. P. R. Co.*, 46 Iowa, 449; *S. C.*, 26 Am. Rep. 150; *Succession of Townsend* v. *Sykes*, 38 La. Ann. 410; *National*

*Docks & New Jersey Junction Connecting Ry. Co.* v. *Pennsylvania R. Co.,* 52 N. J. Eq. (7 Dick.) 58; *S. C.,* 28 Atl. 71.

Where there are separate remedies against the several parties upon the same cause of action, there is no separable controversy. *Gudger* v. *Western N. C. R. Co.,* 21 Fed. Rep. 81; *Winchester* v. *Loud,* 108 U. S. 130; *Merchants' Cotton Press & Storage Co.* v. *Insurance Co. of N. A.* 151 U. S. 368; *Ayers* v. *Wiswall,* 112 U. S. 187.

Where defendants are interested in separate parts of the same subject matter, no separable controversy is presented. *Temple* v. *Smith,* 4 Fed. Rep. 392; *Merchants' Nat. Bank* v. *Thompson,* 4 Fed. Rep. 876; *Freidler* v. *Chotard,* 19 Fed. Rep. 227; *In re City of Chicago,* 64 Fed. Rep. 897.

The trustees of the new mortgage, the issue of bonds under which is attacked, and probably some other representatives of the bondholders, by whom the complaint prays that a re-exchange may be compelled of whatever has been exchanged, and that a further exchange may be enjoined; the depositary of the new securities, the registrar of the new stock, and the directors charged with fraud, are all indispensable parties to the relief here sought. *Brown* v. *Trousdale,* 138 U. S. 389.

Every party to a contract is a necessary party in a suit to set it aside, or unless its performance would amount to a nuisance to enjoin a person from bringing it into effect. *Northern Ind. R. Co.* v. *Michigan C. R. Co.,* 15 How. 233; *Shields* v. *Barrow,* 17 How. 130; *Coiron* v. *Millaudon,* 19 How. 113; *Gaylords* v. *Kelshaw,* 1 Wall. 81; *Ribon* v. *Railroad Cos.,* 16 Wall. 446; *Lawrence* v. *Wirtz,* 1 Wash. C. C. 417; *Tobin* v. *Walkinshaw,* 1 McAll. 26; *Bell* v. *Donohoe,* 17 Fed. Rep. 710; *Florence S. Mach. Co.* v. *Singer Mfg. Co.,* 4 Fisher's Pat. Cas. 329; *S. C.,* 8 Blatchf. 113; *Chadbourne* v. *Coe,* 45 Fed. Rep. 822; *Empire C. & T. Co.* v. *Empire C. & M. Co.,* 150 U. S. 159; *New Orleans W. Co.* v. *New Orleans,* 164 U. S. 471; *S. C.,* in C. C. A. 51 Fed. Rep. 479; *Clarke* v. *Great Northern Ry. Co.,* 81 Fed. Rep. 282; *Wall* v. *Thomas,* 41 Fed. Rep. 620; *Raphael* v. *Trask,* 118 Fed. Rep. 777.

Since both the debenture bondholders and the holders of the new bonds are numerous, it is absolutely indispensable that some one should be made a party to protect their interests. The trustee of the mortgage is, consequently, an indispensable party. *Ribon* v. *Railroad Co.*, 16 Wall. 446; *Wenger* v. *Chicago & E. R. Co.*, 114 Fed. Rep. 34.

The bondholders' committee is also an indispensable party, being a party to the original contract which provided for this illegal exchange of securities. *Farmers' Loan & Trust Co.* v. *Cape Fear & Y. V. Ry. Co.*, 71 Fed. Rep. 38.

The trustee of an active trust is always an indispensable party. *Knapp* v. *Railroad Co.*, 20 Wall. 117; *Rust* v. *Britol Silver Co.*, 58 Fed. Rep. 611; *Tell* v. *Walker*, Fed. Cas. No. 13,812; *Thair* v. *Life Association of America*, 112 U. S. 717; *Pepper* v. *Fordysche*, 119 U. S. 469.

The registrar of the stock, the Mercantile Trust Company, and the United States Mortgage and Trust Company, which is the depositary of the new bonds, are also indispensable parties.

It is well settled that a stakeholder in the possession of property is an indispensable party to a suit affecting the same. *Wilson* v. *Oswego Twp.*, 151 U. S. 56; *Massachusetts & S. Constr. Co.* v. *Cane Creek Twp.*, 155 U. S. 283; *Scoutt* v. *Keck*, 73 Fed. Rep. 900.

The remand was not denied because of the pendency of any other suit in the Federal court; and had that been so, it would have been no justification for the removal.

Neither the opinion of Judge Lacombe, nor his order, nor the petition for the removal, makes any reference to any previous suit in the Federal court, as an alleged ground for the removal. The respondents are bound by the record below. They cannot ask this court to take judicial notice of papers below that are not recited in the order.

Were it otherwise, the courts would be liable to be misled by garbled statements of the contents of their records, not verified by affidavit, nor by the certification of the clerk. *Thornton* v. *Carson*, 7 Cranch, 596; *Pennsylvania Co.* v. *Ben-*

*der*, 148 U. S. 255; *Rout* v. *Ninde*, 118 Indiana, 123; *S. C.*, 20 N. E. Rep. 704; *Magee* v. *Hartzell*, 7 Kan. App. 489; *S. C.*, 54 Pac. 129; *Dours* v. *Cazentre*, McGloin (La.), 251; *Stockbridge* v. *Fahnestock*, 87 Maryland, 127; *S. C.*, 39 Atl. 95; *Scott* v. *Scott*, 17 Maryland, 78; *Cherry* v. *Baker*, 17 Maryland, 75; *Lyon* v. *Boilvin*, 7 Illinois, 629.

Were the record of the suit, to which the respondents referred, to be examined, it would be found to be entirely different from that which is the subject of the present review, and that the present case in no respect could be deemed ancillary to the same.

Even, however, were the suit below ancillary to one previously brought, of which there is no suggestion in the pleading or the record, still that would constitute no ground for the removal.

In *Gilmore* v. *Herrick*, 93 Fed. Rep. 525, Judge Taft said: "There is no language in any removal act which justifies the removal of a cause from a state court to a Federal court, on the ground that it is ancillary to a suit in a Federal court." To the same effect are *Ray* v. *Pierce*, 81 Fed. Rep. 881; *Pitkin* v. *Cowen*, 91 Fed. Rep. 599; *State Trust Co.* v. *Kansas City, P. & G. R. Co.*, 110 Fed. Rep. 10.

Mandamus is the proper remedy.

It would be a needless waste of time of the court below to reserve a decision upon this vital point of jurisdiction until after a final hearing on the merits. *Ex parte Wisner*, 203 U. S. 51.

*Mr. Rush Taggart*, with whom *Mr. Lawrence Greer* was on the brief, for respondents:

Mandamus is not the proper remedy.

Where the record discloses no lack of jurisdiction, and where judicial acts have been performed by the inferior court, these may not be reviewed in any other manner than that properly prescribed through writ of error or appeal. *United States* v. *Lawrence*, 3 Dall. 42; *Ex parte Bradstreet*, 7 Pet. 634; *Ex parte Bradley*, 7 Wall. 364; *Ins. Co.* v. *Comstock*, 16 Wall. 258;

*R. R. Co.* v. *Wiswall*, 23 Wall. 507; *Ex parte Loring*, 94 U. S. 418; *Virginia* v. *Rives*, 100 U. S. 313; *In re Rice*, 155 U. S. 396; *In re Atlantic City R. R.*, 164 U. S. 693. *Ex parte Wisner* distinguished.

The proper and adequate remedy is by appeal after entry of final judgment or decree.

The writ of mandamus cannot be used to perform the functions of an appeal or writ of error, and is only granted when there is no other adequate remedy available. In this case the petitioner has an adequate remedy by way of an appeal or writ of error.

The whole issue upon the motion to remand is, whether a complete determination of a separable controversy can be had without the presence of the defendants other than the Wabash Railroad Company, and this question has been judicially determined by the proper tribunal, to which it was regularly presented. To issue a writ of mandamus to that tribunal, directing the remand of the action, would constitute a premature review and reversal of this judicial determination in a manner not permitted by law.

Whether or not the other defendants were indispensable parties; whether or not a separable controversy existed, are judicial questions which have been decided by the proper tribunal, whose decision thereon is final until reversed in the regular manner.

The correctness or incorrectness of the judicial action taken by the court below in deciding these questions cannot be reviewed by this court at this time and in the manner sought. The petitioner must await the entry of a final judgment before attempting to review by appeal the action of the court below. *Graves* v. *Corbin*, 132 U. S. 571; *Mo. Pac. Ry. Co.* v. *Fitzgerald*, 160 U. S. 556; *The Removal Cases*, 100 U. S. 457.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The suit was commenced in the state court by a citizen

and resident of the city, county and State of New York against a corporation, a citizen of the State of Ohio, and other defendants, many of whom were residents and citizens of the State of New York, the value of the matter in dispute, exclusive of interest and costs, exceeding the jurisdictional sum.

The defendant, the Wabash Railroad Company, a citizen of Ohio, filed its petition and bond in proper form for the removal of the suit into the United States Circuit Court for the Southern District of New York, on the ground of separable controversy so far as it was concerned, and it was removed accordingly. A motion to remand was made and denied by the Circuit Court, which held that the controversy was separable, and that the other defendants were not indispensable or necessary parties to the complete determination of that separable controversy.

The issue on the motion to remand was whether such determination could be had without the presence of defendants other than the Wabash Railroad Company, and this was judicially determined by the Circuit Court, to which the decision was by law committed.

The application to this court is for the issue of the writ of mandamus directing the Circuit Court to reverse its decision, although in its nature a judicial act and within the scope of its jurisdiction and discretion.

But mandamus cannot be issued to compel the court below to decide a matter before it in a particular way or to review its judicial action had in the exercise of legitimate jurisdiction, nor can the writ be used to perform the office of an appeal or writ of error.

Where the court refuses to take jurisdiction of a case and proceed to judgment therein, when it is its duty to do so and there is no other remedy, mandamus will lie unless the authority to issue it has been taken away by statute. *In re Grossmayer, Petitioner,* 177 U. S. 48; *In re Hohorst, Petitioner,* 150 U. S. 653. And so where the court assumes to exercise jurisdiction on removal when on the face of the record abso-

lutely no jurisdiction has attached. *Virginia* v. *Paul*, 148 U. S. 107; *Ex parte Wisner*, 203 U. S. 449.

"In *In re Hohorst, Petitioner*, 150 U. S. 653, the bill was filed in the Circuit Court of the United States for the Southern District of New York against a corporation and certain other defendants, and was dismissed against the corporation for want of jurisdiction. From that order complainant took an appeal to this court, which was dismissed for want of jurisdiction because the order, not disposing of the case as to all the defendants, was not a final decree from which an appeal would lie. 148 U. S. 262. Thereupon an application was made to this court for leave to file a petition for a writ of mandamus to the judges of the Circuit Court to take jurisdiction and to proceed against the company in the suit. Leave was granted and a rule to show cause entered thereon, upon the return to which the writ of mandamus was awarded." *In re Atlantic City Railroad*, 164 U. S. 633.

In *Ex parte Wisner*, Wisner, a citizen of the State of Michigan, commenced an action at law in the Circuit Court for the city of St. Louis, State of Missouri, against Beardsley, a citizen of the State of Louisiana. After service of summons on Beardsley, he filed his petition to remove the action from the state court into the Circuit Court of the United States for the Eastern District of Missouri, on the ground of diversity of citizenship, with the proper bond, and an order of removal was made by the state court, and the transcript of record was filed in the Circuit Court. Wisner (who had had no choice but to sue in the state court) at once moved to remand the case, on the ground that the suit did not raise a controversy within the jurisdiction of the Circuit Court, and that as it appeared on the face of the record that plaintiff was a citizen and resident of Michigan, and defendant a citizen and resident of Louisiana, the case was not one within the original jurisdiction of the Circuit Court, in accordance with the statute providing that where jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought

only in the district of the residence of either the plaintiff or the defendant. The motion to remand was denied, and Wisner applied to this court for a writ of mandamus which was subsequently awarded.

In the present case the removal was granted and sustained on the ground that there was a controversy between the removing defendant and plaintiff, which could be fully determined as between them without the presence of the other defendants. That being so, the suit might have been brought originally in the Circuit Court against the railroad company as sole defendant.

If the ruling of the Circuit Court was erroneous, as is contended, but which we do not intimate, it may be reviewed after final decree on appeal or error. *Missouri Pacific Railway Company* v. *Fitzgerald*, 160 U. S. 556, 582.

*Rule discharged; petition dismissed.*