# IN RE METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK.

## APPLICATION FOR A WRIT OF PROHIBITION OR MANDAMUS.

No. 12. Original.—Submitted May 16, 1910.—Restored to the docket for oral argument May 31, 1910.—Argued October 11, 1910.—Decided November 14, 1910.

All parties to the record who appear to have any interest in the challenged ruling must be given an opportunity to be heard on an appeal, and the decision of the Circuit Court of Appeals reversing a decree of the Circuit Court applies only to the parties brought before that court.

After the Circuit Court has refused to remand, has tried the issues and entered judgment dismissing the complaint as to certain defendants, it cannot, after the Circuit Court of Appeals has, on an appeal to which such defendants were not made parties, reversed the order refusing to remand, vacate the judgment dismissing the complaint as to the defendants not parties after the expiration of the term at which such judgment was entered.

A decree of the Circuit Court refusing to remand a cause cannot, even if error and subsequently reversed on appeal by the Circuit Court of Appeals, be treated as a nullity; and proceedings of the Circuit Court while it retained jurisdiction as to defendants not parties to such appeal remain in full force.

A court cannot deal with a decree other than for correction of clerical error or inadvertance after the termination of the term at which it was entered.

Where the Circuit Court vacates a decree without jurisdiction and refuses to reinstate it, mandamus is the proper remedy to compel it to do so.

THIS is an application by the Metropolitan Trust Company of the city of New York, which had been impleaded as a defendant in the suit of *James Pollitz* v. *The Wabash Railroad Company*, for a writ of prohibition or mandamus directed to the Circuit Court of the United

States for the Southern District of New York, to forbid the exercise of jurisdiction over the petitioner and over a decree dated January 10, 1908, in its favor in said suit, and in the alternative to provide that any order for the vacating of said decree should be set aside. A rule to show cause was issued, to which return has been made, and from the petition and return the following facts appear:

On or about January 15, 1907, James Pollitz brought suit in the Supreme Court of the State of New York against the Wabash Railroad Company and others to declare illegal and void certain securities of the Railroad Company issued in exchange for debenture bonds pursuant to a plan complained of as injurious to the stockholders, and for a reëxchange, and in default thereof for an accounting by the defendants with respect to the new securities which had been issued.

On January 25, 1907, the Railroad Company caused the case to be removed to the Circuit Court of the United States for the Southern District of New York on the ground that there was a separable controversy between it as a citizen of the State of Ohio and the complainant, a citizen of the State of New York.

The complainant moved to remand the cause, and on February 21, 1907, the motion was denied. Thereupon application was made to this court for a writ of mandamus to compel the remand and the petition was denied. *In re James Pollitz*, 206 U. S. 323.

After the removal of the cause the defendants demurred to the bill of complaint, the Trust Company demurring separately, and all the demurrers were overruled, save that of the Trust Company which was sustained. A decree was entered on January 10, 1908, which, after overruling the other demurrers, provided as follows:

"Ordered, adjudged and decreed, that the demurrer of the defendant the Metropolitan Trust Company of the

City of New York, be, and the same hereby is, sustained, and that the bill of complaint be, and the same hereby is dismissed as to the defendant the Metropolitan Trust Company of the City of New York, with costs."

The defendants other than the Trust Company then answered. An earlier suit, to which the Trust Company was not a party, was pending in the same court, with regard to the same transaction, and the court denying the motion of the complainant for leave to discontinue the first suit ordered the suits to be consolidated. After hearing a final decree was entered on February 23, 1909, dismissing the bill in each suit upon the merits.

The complainant then appealed to the Circuit Court of Appeals, but no review was sought of the decree of January 10, 1908, dismissing the bill in the second suit as against the Trust Company; and the Trust Company was not cited and did not in any way become a party to the appeal.

On February 18, 1910, the Circuit Court of Appeals decided that there was not a separable controversy between the complainant and the Railroad Company, and that the motion to remand should have been granted. The court accordingly reversed the final decree with direction to the Circuit Court to permit the complainant to discontinue the first cause and to remand the second cause to the Supreme Court of the State of New York.

Thereupon, on February 28, 1910, an order for remand was entered in the Circuit Court, which contained the following provision as to the Trust Company:

"And it appearing that the defendant Metropolitan Trust Company duly demurred to the complaint and that such demurrer was sustained and judgment entered January 10, 1908, dismissing the complaint as to said defendant which has not been appealed from or reversed,

"Ordered, adjudged and decreed that this judgment remanding said cause to the Supreme Court of the State

of New York shall not apply to said defendant Metropolitan Trust Company."

On March 21, 1910, the complainant moved in the Circuit Court to vacate the decree entered January 10, 1908, and to remand the cause as to the Trust Company. The latter appeared specially and objected to the jurisdiction of the court. The court granted the motion to vacate the decree and denied the motion to remand the cause as to the Trust Company, without prejudice, upon the ground that the application for such relief should be made to the judge who entered the order to remand as to the other defendants.

The Trust Company then applied to this court for a writ of prohibition or mandamus, as stated.

*Mr. Tompkins McIlvaine,* with whom *Mr. Henry B. Closson* was on the brief, for petitioner:

On the face of the record the Circuit Court was without power or jurisdiction to enter any order affecting the rights of petitioner under the final judgment after the term at which said judgment was rendered had expired. *Bronson* v. *Schulten,* 104 U. S. 410; Rolle's Abridgment, p. 749. See also *Cameron* v. *McRoberts,* 3 Wheat. 590; *Phillips* v. *Negley,* 117 U. S. 665; *Wetmore* v. *Karrick,* 205 U. S. 141.

Whether the Circuit Court has any inherent power to at any time vacate a judgment for want of jurisdiction to enter it is immaterial in this case, since it appears on the face of the record that diversity of citizenship existed between the plaintiff and the removing defendant, who asserted that a separable, removable controversy existed between them. The determination of whether such controversy existed was a justiciable question to be decided by the Circuit Court. The Circuit Court, in the exercise of its proper jurisdiction, did determine that such a controversy existed, which determination, being

unmodified and unreversed, as against the petitioner, is binding and conclusive as to it and cannot be treated as a nullity. *In re Winn*, 213 U. S. 458, distinguishing *Ex parte Nebraska*, 209 U. S. 436; *Chesapeake & Ohio Ry. Co.* v. *McCabe*, 213 U. S. 207. See also *Skillern's Executors* v. *May's Executors*, 6 Cr. 266; *McCormick* v. *Sullivan*, 10 Wheat. 192; *Des Moines Nav. Co.* v. *Iowa Homestead Co.*, 123 U. S. 552; *Dowell* v. *Applegate*, 152 U. S. 327; *Re Pollitz*, 206 U. S. 323.

Where plainly and on the face of the record the Circuit Court is assuming to act beyond its power and jurisdiction, prohibition or mandamus is an appropriate remedy for one who has objected to the jurisdiction improperly assumed to be exercised. As to prohibition see *In re Huguley Mfg. Co.*, 184 U. S. 297, 301; *Smith* v. *Whitney*, 116 U. S. 167; *In re Rice*, 155 U. S. 396; *In re Chetwood*, 165 U. S. 443; *Ex parte Joins*, 191 U. S. 93. As to mandamus see *Re Winn*, 213 U. S. 458; *Ex parte Bradley*, 7 Wall. 364; *Virginia* v. *Rives*, 100 U. S. 313; *Virginia* v. *Paul*, 148 U. S. 107; *Kentucky* v. *Powers*, 201 U. S. 1; *Ex parte Wisner*, 203 U. S. 449; *Re Metropolitan Ry. Receivership*, 208 U. S. 90; *Matter of Dunn*, 212 U. S. 374.

*Mr. J. Aspinwall Hodge*, appearing by appointment of Judge Ward, United States Circuit Judge, in opposition to the applications:

This court has no power to issue a writ of prohibition, in any case, except where the court below is proceeding as a Court of Admiralty.

The writ never includes the prohibition of an act already completed. *Ex parte Christy*, 3 How. 292; *Ex parte Easton*, 95 U. S. 68, 72.

The writ of mandamus cannot be used to compel the Circuit Court to take jurisdiction of a cause which it has decided, through its Court of Appeals, it has no

jurisdiction to consider, owing to. a failure to show diverse citizenship_between the necessary parties.

The conclusion of the Circuit Court that the cause should be remanded is not reviewable here by appeal or writ of error or by mandamus. *In re Pennsylvania Co.*, 137 U. S. 451, 454; *Missouri Pac. R. R.* v. *Fitzgerald*, 160 U. S. 556, 581.

A motion in the nature of a writ of error *coram vobis* "is the exercise of jurisdiction in the court below which does not admit of revision in this tribunal." *Legerwood* v. *Picket*, 15 Fed. Cas. 132; *S. C.*, 1 McLean, 143; *S. C.*, 7 Pet. 144, 148.

The writ of mandamus cannot perform the office of a writ of error. *In re Rice*, 155 U. S. 396, 403, citing *American Construction Co.* v. *Jacksonville Ry. Co.*, 148 U. S. 372, 379; *Ex parte Loring*, 94 U. S. 418; and see *Ex parte Newman*, 14 Wall. 152.

An order or decree sustaining the demurrer of one of several defendants, is not such a final decision as gives the right of appeal to the complainant. *In re Hohorst*, 148 U. S. 262; *In re Atlantic City R. R.*, 164 U. S. 633; *In re Pollitz*, 206 U. S. 323, 332; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3.

The Metropolitan Trust Company was not a necessary party to the cause, although a proper party.

The court may vacate a judgment, after the term has expired during which it was entered, and its power so to do is not dependent upon the issue of a formal writ, or the institution of an action in equity; but in a proper case relief can be obtained by service of a notice of motion. *Pickett* v. *Legerwood*, 15 Fed. Cas. 132; *S. C.*, 7 Pet. 142, 147; *Ferris* v. *Douglass*, 20 Wend. 626; cited with approval in *Wetmore* v. *Karrick*, 205 U. S. 141, 151.

Whether the order of January 10, 1908, was final or interlocutory, and whether the Trust Company was a necessary, or only a proper, party, no error was committed,

by the Judge of the Circuit Court, in granting complainant's motion to vacate that order, or decree, on the suggestion or motion of complainant, in view of the mandate of the Circuit Court of Appeals establishing the fact that the diverse citizenship did not exist, which was necessary to give jurisdiction to the court to enter the decree.

The entry of a void judgment does not dismiss the defendant from the court; only a valid final judgment can do that. *City of Olney* v. *Harvey*, 50 Illinois, 453. Much less does the entry of a void interlocutory decree dismiss a defendant. *United States* v. *Wallace*, 46 Fed. Rep. 569; see also 30 Cent. Dig., title Judgment, § 739, and Black on Judgments, § 307; *Baker* v. *Barclift*, 76 Alabama, 414, 417; *Shuforth* v. *Cain*, 1 Abb. U. S. 302; *Re Hohorst*, 150 U. S. 653.

See *Hoyt* v. *Hammekin*, 14 How. 334, 346, invalidating the use of a notice of motion in lieu of a writ of error *coram vobis*. *Mills* v. *Dickson*, 6 So. Car. Law Rep. 487; *Dederick* v. *Richley*, 19 Wend. 108; *Ex parte Crenshaw*, 15 Pet. 119; *Lee* v. *Dick*, 10 Pet. 482; *Wetmore* v. *Karrick*, 205 U. S. 141; *Phillips* v. *Negley*, 2 Mackey (D. C.), 248; *S. C.*, 117 U. S. 665, distinguished, and see also *Bronson* v. *Schulten*, 104 U. S. 401; *Phillips* v. *Negley*, 117 U. S. 665; *In re College Street*, 11 R. I. 472; *Critchfield* v. *Porter*, 3 Ohio, 518, 522.

MR. JUSTICE HUGHES, after making the foregoing statement, delivered the opinion of the court.

When the complainant moved to remand the cause the Circuit Court had jurisdiction to determine whether or not a separable controversy existed which justified the removal from the state court. Its decision was an act within its judicial authority, subject to review upon appeal after final decree. On the application made to

this court in *In re Pollitz*, 206 U. S. 323, for a writ of mandamus to compel the remand, the court said (pages 331, 333):

"The issue on the motion to remand was whether such determination could be had without the presence of defendants other than the Wabash Railroad Company, and this was judicially determined by the Circuit Court, to which the decision was by law committed.

"The application to this court is for the issue of the writ of mandamus directing the Circuit Court to reverse its decision, although in its nature a judicial act, and within the scope of its jurisdiction and discretion.

"But mandamus cannot be issued to compel the court below to decide a matter before it in a particular way or to review its judicial action had in the exercise of legitimate jurisdiction, nor can the writ be used to perform the office of an appeal or writ of error.

\*    \*    \*    \*    \*    \*    \*    \*

"If the ruling of the Circuit Court was erroneous, as is contended, but which we do not intimate, it may be reviewed after final decree on appeal or error. *Missouri Pacific Railway Company* v. *Fitzgerald*, 160 U. S. 556, 582." See, also, *Ex parte Nebraska*, 209 U. S. 436; *In re Winn*, 213 U. S. 458, 468; *Chesapeake & Ohio Railway Co.* v. *McCabe, Admx.*, 213 U. S. 207.

Having decided to retain the cause, the Circuit Court proceeded, as it was entitled to proceed, to try the issues. It heard the demurrers to the bill and overruling the others it sustained that of the Metropolitan Trust Company. No leave was granted to amend the bill and a decree was entered dismissing it as against the Trust Company. When, after final decree dismissing the bill as against the other defendants, the complainant appealed to the Circuit Court of Appeals, the decree in favor of the Trust Company was not brought before the appellate

court for review and the Trust Company was not a party to the appeal.

The decision of the Circuit Court of Appeals, in reversing the final decree and in directing the remand to the state court, was of course subject to the necessary limitation that it could apply only to the parties who had been brought before that court. It had no other purport. It is one of "the ordinary rules respecting appeals" that "all the parties to the record, who appear to have any interest in the order or ruling challenged, must be given an opportunity to be heard on such appeal." *Davis* v. *Mercantile Trust Co.*, 152 U. S. 590, 593. See also *Terry* v. *Abraham*, 93 U. S. 38; *Wilson* v. *Kiesel*, 164 U. S. 248, 251. If a party has not had this opportunity he is not bound; as to him an essential element of appellate jurisdiction is lacking. Accordingly, when the decree was entered in the court below upon the mandate of the Circuit Court of Appeals, the Trust Company was expressly excepted from its operation.

It is in this light that the subsequent proceeding in the Circuit Court must be examined. If that court had jurisdiction to vacate the decree of January 10, 1908, in favor of the Trust Company, it was by virtue of its own control over the decree and not by force of the mandate of the appellate court. Nor could the court exercise the general power which it possesses to modify or set aside its orders or decrees prior to the expiration of the term at which the final decree is entered; for in this case that term had ended before the motion was made. *Cameron* v. *M'Roberts*, 3 Wheat. 591; *Ex parte Sibbald* v. *United States*, 12 Pet. 488; *Bronson* v. *Schulten*, 104 U. S. 410, 415; *Ayres* v. *Wiswall*, 112 U. S. 187, 190; *Phillips* v. *Negley*, 117 U. S. 665, 674. The motion was not made for the purpose of correcting a clerical error or an inadvertence. After the term had expired, and after the complainant had exercised his right of appeal to procure a review of the errors of which he

desired to complain, it was sought to set aside a decree which stood unreversed and by which the Trust Company had been dismissed from the cause.

To reach this result the Circuit Court asserted the power to vacate the decree upon the ground that it had been rendered without jurisdiction; and the court held that it must be treated as a nullity. But the decree cannot be so regarded unless the court, upon the motion to remand, was without jurisdiction to determine whether a separable controversy existed, and hence not merely committed error but exceeded its authority. The decree was not a nullity unless the order refusing to remand was a nullity; and the latter contention was negatived by the decision of this court upon the application for a writ of mandamus in *In re Pollitz, supra.* The reversal by the Circuit Court of Appeals of the final decree as to the other defendants, and its direction to remand, did not make the decision of the court of first instance any the less "a judicial act, and within the scope of its jurisdiction and discretion;" and as that reversal and direction did not affect the Trust Company the decree in its favor remained in full force.

The question is not with respect to the mere form of the application which was made to the Circuit Court for the purpose of setting the decree aside. When the motion was made the court was without jurisdiction to vacate the decree. As the court, in granting the motion, exceeded its power, mandamus is the appropriate remedy. *Ex parte Bradley,* 7 Wall. 364; *In re Winn,* 213 U. S. 458.

*The rule is made absolute and the writ of mandamus awarded.*