**DELAWARE, L. & W. R. CO. v. RELLSTAB, District Judge, et al.**

(Circuit Court of Appeals, Third Circuit. September 25, 1926.)

No. 3379.

**1. Courts ⚖⇒404.**

Circuit Court of Appeals is statutory court, having power to grant only writs authorized by statute.

**2. Courts ⚖⇒404.**

Under Judicial Code, § 262 (Comp. St. § 1239), and section 12 of act creating Circuit Court of Appeals (26 Stat. 826, 828), that court has no power by mandamus to compel District Court to reinstate a judgment which it has set aside after term at which entered, on mandate of Circuit Court of Appeals.

**3. Courts ⚖⇒404.**

Under Judicial Code, § 262 (Comp. St. § 1239), and section 12 of act creating Circuit Court of Appeals (26 Stat. 826, 828), jurisdiction of that court is purely appellate, and it cannot issue writ of mandamus, except in aid of or in exercise of that jurisdiction.

**4. Courts ⚖⇒404.**

Mandamus to compel District Court to reinstate judgment, which it has set aside after affirmance by Circuit Court of Appeals, held not authorized, as in aid of or in exercise of its appellate jurisdiction.

**5. Courts ⚖⇒404, 406(2).**

On writ of error taken after final judgment, Circuit Court of Appeals may require District Court to reverse its decision and decide case in a particular way, but cannot do so by mandamus.

Petition for Mandamus to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Petition by the Delaware, Lackawanna & Western Railroad Company for a writ of

mandamus to be directed against Hon. John Rellstab, Judge of the United States District Court for the District of New Jersey, and the United States District Court for the District of New Jersey. Rule dismissed.

See, also, Ginsberg v. Delaware, L. & W. R. Co., 296 F. 439.

Frederic B. Scott, of New York City, for petitioner.

Harry Kalisch, of Newark, N. J., for respondents.

Before WOOLLEY and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is a petition for mandamus to direct Hon. John Rellstab to reinstate a judgment entered in the United States District Court on June 20, 1923, which was set aside by him on May 9, 1925, after the expiration of a number of terms of court without extending the term in which the judgment was entered.

On December 9, 1920, David Ginsberg, individually, as next friend of Harry Ginsberg, and as administrator ad prosequendum of the estate of George Ginsberg deceased, brought an action against the petitioner the Delaware, Lackawanna & Western Railroad Company, to recover damages for injuries received by him and his two sons, Harry Ginsberg and George Ginsberg, deceased, through its alleged negligent operation of one of its trains. David Ginsberg was driving a truck in Morris county, N. J., on the road leading from Wharton to Kenvil. The truck was struck at a point where the road crosses the track of the petitioner, and the father and one son, Harry, were seriously, and the other son, George, was fatally, injured. Suit was begun in the Supreme Court of New Jersey in the Morris circuit, and was removed on the ground of diversity of citizenship to the United States District Court for the District of New Jersey.

The cause was tried on December 2, 1921, and a verdict was rendered for plaintiff. At this trial Addie H. J. Ridner and William N. Ridner, her husband testified on behalf of the plaintiff. The jury rendered a verdict for him and against the defendant. Some time after the entry of judgment, the Ridners stated, under oath, that their testimony at this trial was false and perjured. Thereupon the judgment was set aside and a new trial ordered. The second trial was held on March 3, 1923, and at this trial they testified, in accordance with their statement, that their former testimony was false; that they were about 50 or 60 feet from the crossing when the collision took place; and that a whistle was blown and a bell was rung before the train reached the crossing. The jury rendered a verdict for the defendant railroad company and against the plaintiff, on which judgment was entered on June 21, 1923. This judgment was brought to this court by writ of error of plaintiff. It was affirmed, and the mandate from this court was filed in the District Court on March 21, 1924.

The April term of the District Court of 1923, in which the judgment was entered, expired on the opening of the September term on Tuesday, September 11, 1923. The January term of 1924 of that court, in which the mandate from this court was filed in that court, expired Tuesday, April 8, 1924. Neither of the terms of the District Court ending September 11, 1923, and April 8, 1924, was extended by stipulation, court order, or otherwise.

On January 12, 1925, William Ridner signed an affidavit in which he said that he was not at or near the crossing when the collision occurred, as he had testified, and that he did not know of the accident until 8 o'clock in the evening of the afternoon on which it occurred, and that he was told of it by a neighbor. An application based on this affidavit was made to Judge Rellstab for a rule to show cause why this last judgment should not be set aside. He allowed the rule on April 28, 1925, and on May 9, 1925, after hearing testimony in open court, he made it absolute and set aside the judgment on the ground that it was obtained through fraud. Thereupon counsel for the defendant railroad company petitioned this court for a writ of mandamus directing Judge Rellstab to reinstate the judgment.

Two questions arise: First, whether or not we have jurisdiction to issue the writ of mandamus; and, second, whether or not the District Court lost jurisdiction over the judgment with the expiration of the term in which it was entered.

[1, 2] The Circuit Court of Appeals is a statutory court, and its authority to grant writs must be found in the statute, if it exists. Section 12 of the act creating the Circuit Court of Appeals (26 Stat. 826, 828) provides that it shall have the powers specified in section 716 of the Revised Statutes of the United States. This section has been re-enacted in section 262 of the Judicial Code, and provides that:

"The Supreme Court, the Circuit Courts of Appeals, and the District Courts shall have power to issue all writs not specifically provided for by statute, which may be necessary

for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Comp. St. § 1239.

[3, 4] There is no statute specifically giving this court power to issue the writ of mandamus. Its jurisdiction is purely appellate, and it has no power to issue the writ, except in aid of, or when it is necessary for the exercise of, its appellate jurisdiction. Is this writ in aid of, or necessary for the exercise of, its jurisdiction?

When the judgment was set aside, nothing was pending in this court or the District Court. The term in which final judgment had been entered in the District Court, as above stated, had long since expired, without any extension of any kind. If we dismiss the rule, the case may possibly reach this court again; but, if the judgment is reinstated, the case will remain final in that court, and will never come into this court. The reinstatement of the judgment, therefore, cannot be in aid of the jurisdiction of this court. Accordingly we have no power to issue the writ. Tryon v. Pennsylvania Railroad Co. (D. C.) 213 F. 49; In re Dennett, 215 F. 673, 131 C. C. A. 607; Whitney v. Dick, 202 U. S. 132, 137, 138, 26 S. Ct. 584, 50 L. Ed. 963; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129.

[5] The petitioner is seeking by writ of mandamus what can be had only by writ of error. Upon a writ of error taken after final judgment, this court may require the District Court to reverse its decision and decide a case in a particular way, but this it cannot do by mandamus. Ex parte Loring, 94 U. S. 418, 24 L. Ed. 165; Ex parte Railway Co., 103 U. S. 794, 26 L. Ed. 461; Ex parte Hoard, 105 U. S. 578, 26 L. Ed. 1176; In re Pollitz, 206 U. S. 323, 331, 333, 27 S. Ct. 729, 51 L. Ed. 1081; In re Metropolitan Trust Co., 218 U. S. 312, 319, 31 S. Ct. 18, 54 L. Ed. 1051; Maryland v. Soper, 270 U. S. 9, 29, 46 S. Ct. 185, 70 L. Ed. 449.

On the second question, "in the absence of statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 19 (59 L. Ed. 129). Whether or not the allegation of fraud in the judgment which was set aside is an exception to this rule may be a question but, be that as it may, mandamus, under the facts in this case, is not the legal

method by which that question may be determined.

Therefore the rule is dismissed.