### MUMA v. BODINE, District Judge.

(Circuit Court of Appeals, Third Circuit. December 2, 1926.)

No. 3540.

1. Courts ⬳404—On mandamus to compel allowance of appeal, court will only consider whether mandamus should be granted in aid of its appellate jurisdiction.

On petition for mandamus to compel District Court to allow an appeal, Circuit Court of Appeals will not consider merits of question sought to be raised on appeal, but only whether it will grant mandamus in aid of its appellate jurisdiction.

2. Courts ⬳404—Mandamus to compel District Court to allow appeal cannot be granted where time to appeal has expired (Act Cong. Feb. 13, 1925, § 8, subd. [c], being Comp. St. § 1126b).

Where petitioner's right to appeal from decree denying writ of habeas corpus and court's right to allow appeal have expired under Act Cong. Feb. 13, 1925, § 8, subd. (c), being Comp. St. § 1126b, mandamus to compel District Judge to allow appeal cannot be granted.

Original Petition for Mandamus.

Petition for writ of mandamus by Jasper C. Muma against Joseph L. Bodine, District Judge. Petition dismissed.

Edward H. Reynolds and John R. Fitzpatrick, both of New York City, for petitioner.

James S. Turp, of Trenton, N. J., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. In this recital of facts, dates are important. On March 19, 1925, Jasper C. Muma was convicted on three counts of an indictment, one charging him with conspiring to violate the law of the United States prohibiting interstate transportaton of prize fight films (section 37 of the Criminal Code [Comp. St. § 10201]) and the others charging him with transporting such films in violation of that law. Act of July 31, 1912, 37 Stat. 240, 241 (Comp. St. §§ 10416–10418). The District Court imposed on him a sentence of fines aggregating $7,000 without including, in formal terms, the alternative of commitment should he default in payment.

[1] On March 30, 1925, Muma sued out a writ of error, which, on April 3, 1926, this court dismissed. As he did not pay the fines when the case was remanded, the District Court, on April 5, 1926, issued a bench warrant for him. He was apprehended on May 4, 1926. On that day Muma presented to the Honorable Joseph L. Bodine, the judge who had sentenced him and on whose bench warrant he had been apprehended, a petition for a writ of habeas corpus, which on the same day Judge Bodine denied. We shall assume that Muma had a right to appeal from that decision. If so, the right arose and the limitation of its exercise began to run on that day. On August 17, 1926, Muma prayed Judge Bodine to allow an appeal from the decree of May 4, 1926, denying his petition for a writ of habeas corpus. This he refused to do. Muma then addressed to this court the petition for a writ of mandamus now under review, praying that Judge Bodine be commanded to allow him the appeal prayed for. When the hearing came on in this court, argument on both sides was addressed mainly to the question which Muma desired to raise on appeal, if one were allowed him, namely, the court's power to commit him for nonpayment of fines when the sentence did not in terms contain a provision for his commitment in default of payment. That question, we think, is not here. The question before us is whether we shall, in aid of our appellate jurisdiction, command Judge Bodine to allow the appeal which Muma had asked for. D., L. & W. R. Co. v. Rellstab, Judge (C. C. A.) 15 F.(2d) 137.

[2] Restating the critical dates, Muma, on August 17, 1926, asked the judge for an allowance of an appeal from a decree entered May 4, 1926. Under section 8, subsection (c) of the Act of February 13, 1925 (43 Stat. c. 229 [Comp. St. § 1126b]), Muma's right of appeal was limited to three months and by force of that statute, positively expressed, no appeal can be allowed unless application therefor be made within three months from the entry of the decree. It follows that at the time the petitioner asked Judge Bodine for allowance of an appeal, his right of appeal and the judge's authority to allow it had expired. We cannot now command the judge to perform an act which, had he been so disposed, he could not lawfully have done at the time the petitioner asked him.

The petition is dismissed.