LILLIAN MAY CHAMBERS, Petitioner-Appellant, *v.* JAMES LEAVEY, Judge of the District Court of the First Circuit, and STEVE J. SARISH, Respondents-Appellees

NO. 6009

NOVEMBER 24, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an appeal by Lillian May Chambers from an order of the circuit judge, first circuit court, dismissing appellant's petition for writ of mandamus. We affirm.

The record herein is limited and consists mainly of the following stipulation filed in the circuit court:

The parties hereto agree to the following:

1. A landlord and tenant relationship existed between Petitioner Lillian May Chambers as tenant and Respondent Steve J. Sarish as landlord.

2. A disagreement arose between Petitioner as tenant and Respondent as landlord in regard to a security deposit in the amount of $325.00 held by Respondent Sarish.

3. Petitioner Chambers brought a Small Claims Court Action seeking the return of her security deposit.

4. Petitioner Chambers' claim was decided and denied by Respondent Judge James Leavey, a judge of the District Court of the First Circuit, on December 19, 1974.

5. Respondent Leavey had jurisdiction to hear and decide this matter.

6. The hearing that was held on December 19, 1974, was held in the Judge's chambers in the courthouse. Koolaupoko Division, District Court of the First Circuit, located in Kaneohe, City and County of Honolulu, State of Hawaii, the persons present at the hearing being Respondent Sarish, Petitioner Chambers, with Respondent Leavey presiding.

7. The proceedings held on December 19, 1974, with the exception of the decision rendered were unrecorded.

8. Respondent Leavey rendered judgment in favor of Respondent Sarish.

9. Thereafter, Petitioner Chambers, pursuant to Rule 12 of the Rules of the Small Claims Court, brought a motion to alter or set aside the judgment rendered by Respondent Leavey. The motion was entitled a Motion for Reconsideration.

10. The Motion for Reconsideration was denied by Respondent Leavey on January 19, 1975, at a hearing in open court with a court reporter present, a transcript of said proceedings being attached to Respondent Leavey's Memorandum in Opposition to Petition for Writ of Mandamus as Appendix A filed herein on June 6, 1975.

The transcript of the hearing on the motion for reconsideration held before respondent Leavey contains, *inter alia*, the following:

THE COURT: Did we not, in Kaneohe, on December the 19th, did we not consider everything that is in this Motion at that time?

MS. CHAMBERS: I didn't feel that you did.

THE COURT: What did we omit?

MS. CHAMBERS: Well, it wasn't heard in Court.

THE COURT: That was at the request of Mr. Sarish to which you made no objection.

MS. CHAMBERS: But I didn't. I didn't know that he had made that request.

THE COURT: Oh, no. As I remember it, Mr. Sarish came to this reporter and asked if the case could be heard

in chambers. I told this reporter if you, Lillian Chambers, had no objection, I will hear it in chambers, and then you both came in.

MS. CHAMBERS: I was not informed of that. I was not aware of what happened. I expected to be before you in a courtroom.

THE COURT: Well, did you suffer any disadvantage by not being in a courtroom rather than what we call chambers? Did we not consider everything that was in here at the hearing that we had in chambers?

MS. CHAMBERS: But I was not asked if I wished to have it heard in the chambers.

THE COURT: Well, so what disadvantage were you under in chambers rather than in open court such as this?

MS. CHAMBERS: I don't know what you want me to answer, sir.

THE COURT: It is not what I want you to answer. It's — why would you have, well, using the expression "done better" in open court than in chambers?

MS. CHAMBERS: I don't know. I haven't been to court that often.

THE COURT: Well, then, why do you complain about the fact that the hearing was held in chambers rather than in open court?

MS. CHAMBERS: I haven't made a quarrel.

THE COURT: What?

MS. CHAMBERS: I haven't actually complained about that. I asked that the case be reconsidered as stated in here.

THE COURT: What do you want me to reconsider?

MS. CHAMBERS: The return of my deposit.

.   .   .   .

Leavey summarized his recollection of the previous hearing, frequently asking petitioner:

Didn't we go into that? We went into that question did we not on December the 19th?

Petitioner did not try to offer new evidence but repeatedly referred to a written statement[1] regarding the previous hearing.

> I have nothing further to say except what is in this statement.
>
> . . . .
>
> The statement — it is all written in there about what happened; that the money was withheld. They are all written in the document.

Sarish said nothing during the hearing.

From the undisputed portions of the parties' respective briefs, *State v. Apao*, 59 Haw. 625, n. 1, 586 P.2d 250, n. 1 (1978); *Orso v. City and County of Honolulu*, 55 Haw. 37, 38, 514 P.2d 859, 860 (1973), and from the record, it is clear that: initially, appellant had secured permission to have a dog in the apartment; permission was revoked by the Association of Owners; and petitioner was asked to vacate the premises by June 6, 1974. However, petitioner vacated the premises, without notice to Sarish, on June 12, 1974.

By letter dated September 25, 1974, Sarish returned $68.50 of the security deposit, but retained the balance: $71.50 for rent due; $35.00 for cleaning fees; $25.00 for cost to repair traverse rod and a hole in the wall; and $125.00 as estimated cost to repair the carpet.

Neither the record nor the briefs indicate the status of the vacated premises during the period from June 12, 1974 to September 25, 1974.

After a hearing the circuit court dismissed the petition, stating as follows:

> One, this is an attempt to take an appeal not provided by statute; two, the court finds that Judge Leavey's actions are not arbitrary and capricious, requiring the extraordinary remedy of writ of mandamus.

The court further held that there was a "wrongful quit" on the part of appellant, as a tenant.

---

[1] The record indicates that the "statement" is petitioner's motion for reconsideration, to which an affidavit and other documents were attached as exhibits.

A review of the record, however sparse it may be, clearly shows that the hearing on the petition herein constituted an attempt on the part of the appellant to retry the merits of the case.

In the proceeding below the appellant raises the issue of Sarish's alleged failure to abide with the notice requirement of HRS § 521-44(c), which provides in pertinent part: "At the termination of a rental agreement in which the landlord required and received a security deposit, if the landlord proposes to retain any amount of the security deposit for any of the purposes specified in subsection (a), he shall so notify the tenant, in writing, unless the tenant had wrongfully quit the dwelling unit. . . ."[2]

In our opinion the appellant, by way of the petition herein, clearly attempts to accomplish that which she is not entitled to do. HRS § 633-27 provides that in

cases involving disagreement between landlord and tenant about the security deposit in a residential landlord-tenant relationship . . . the jurisdiction of the small claims division of the district court shall be exclusive.

---

[2] HRS § 521-44(d) provides in pertinent part:

For the purposes of this section if a tenant is absent from the dwelling unit for a continuous period of thirty days or more without written notice to the landlord the tenant shall be deemed to have wrongfully quit the dwelling unit. . . .

Further, HRS § 521-71, in pertinent parts, provides:

(a) When the tenancy is month to month, the landlord or the tenant may terminate the rental agreement upon his notifying the other at least twenty-eight days in advance of the anticipated termination. . . .

. . . . .

(c) Whenever the term of the rental agreement expires, whether by passage of time, by mutual agreement, by the giving of notice as provided in subsection (a) or (b), or by the exercise by the landlord of a right to terminate given under this chapter, if the tenant continues in possession after the date of termination without the landlord's consent, the tenant shall be liable for and shall pay to the landlord a sum not to exceed twice the monthly rent under the previous rental agreement, computed and prorated on a daily basis, for each day he remains in possession for any period up to one month. If the tenant remains in possession for a period longer than one month, he shall be liable for and shall pay to the landlord a sum equal to the monthly rent under the previous rental agreement for each additional month or fraction thereof. . . .

Further, HRS § 633-28(a) provides in pertinent part: ". . . There shall be no appeal from a judgment of the small claims division, but the court, sitting as the small claims division, may alter or set aside any judgment as provided by the rules of court."

It is clear that mandamus cannot be used to perform the office of an appeal. *In re James Pollitz*, 206 U.S. 323, 331, 27 S. Ct. 729, 731, 51 L. Ed. 1081, 1084 (1907); *Parada v. Small Claims Court of Los Angeles Judicial District*, 70 Cal. App.3d 766, 139 Cal. Rptr. 87 (1977); *State v. Phelps*, 67 Ariz. 215, 193 P.2d 921 (1948). The right of appeal is purely statutory and exists only when given by some Constitutional or statutory provision. *Samuel Mahelona Memorial Hospital v. County of Kauai Civil Service Commission*, 46 Haw. 260, 263, 377 P.2d 703, 705 (1962); *In re Sprinkle and Chow Liquor License*, 40 Haw. 485, 491 (1954); *State v. Phelps, supra*.

We are of the further opinion that though the record below indicates a question of statutory construction, it, nevertheless, fails to show any grounds that would entitle appellant to the extraordinary remedy of a writ of mandamus. *In re Application of Akana for Writ of Mandamus*, 42 Haw. 415, 421 (1958); *In re Petition of Tactacan for Writ of Mandamus*, 42 Haw. 141, 143 (1957).

*Kathleen A. Dashiell* (Legal Aid Society of Hawaii, of counsel) for petitioner-appellant.

*Charlotte E. Libman*, Deputy Attorney General, for respondent *James Leavey*.