NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: R. WAYNE JOHNSON,**
*Petitioner*

---

2021-107

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 20-6575, Judge Amanda L. Meredith.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

On December 8, 2020, this court received from R. Wayne Johnson a copy of the November 16, 2020 decision of the United States Court of Appeals for Veterans Claims denying his petition for a writ of mandamus on which he hand wrote "void order," in addition to a document entitled "Criminal: Writ of Mandamus." ECF No. 2.

Mr. Johnson filed the underlying petition at the Veterans Court alleging that his benefits had been unconstitutionally withheld and that his privacy rights had been violated. The court dismissed the petition without prejudice for failing to state the facts necessary to understand

the issues presented and failing to adequately explain the bases for any purported violation of law.

A party seeking a writ of mandamus bears the burden of demonstrating to the court that he has no adequate alternative means to obtain the desired relief and that right to relief is clear and indisputable. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Mr. Johnson has failed to meet those requirements, for among other reasons, because he can directly appeal a final decision of the Veterans Court to this court. *See In re Pollitz*, 206 U.S. 323, 331 (1907) ("[M]andamus cannot . . . be used to perform the office of an appeal. . . .").

Because Mr. Johnson's submission appears to meet the requirements of Rule 3(c)(1) of the Federal Rules of Appellate Procedure and was received within the time to appeal from the judgment,* we will transmit the filing to the Court of Appeals for Veterans Claims for purposes of docketing it as a notice of appeal. *See* Fed. R. App. P. 4(d) (stating that if a notice of appeal is mistakenly filed in the court of appeals, the clerk must note on the notice the date it was received and send it to the lower court's clerk).

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

---

\*    The Veterans Court did not enter judgment until December 9, 2020, the day after this court received Mr. Johnson's submission. However, a "notice of appeal filed after the court announces a decision . . . but before the entry of the judgment . . . is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2).

(2)  ECF No. 2 is construed as a notice of appeal and transmitted to the Clerk of the United States Court of Appeals for Veterans Claims.

FOR THE COURT

February 02, 2021
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s29