NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  WENDELL W. PHILLIPS,**

*Petitioner*

---

2022-159

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:17-cv-00968-LKG, Judge Lydia Kay Griggsby.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

On November 13, 2017, the United States Court of Federal Claims dismissed Wendell W. Phillips' case and entered judgment.  The Court of Federal Claims subsequently denied Mr. Phillips' post-judgment motions on January 19, 2018 and July 30, 2020, and then stopped accepting filings. On August 4, 2022, Mr. Phillips filed this petition, seeking to "remand this case back to the United States Court of Federal Claims to correct this matter and settle this matter."  Pet. at 26.

The remedy of mandamus is available only in "exceptional circumstances to correct a clear abuse of discretion

or usurpation of judicial power." *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988) (citations omitted). A party seeking a writ of mandamus bears the burden of demonstrating to the court that (1) he has a clear and indisputable right to relief; (2) there are no adequate alternative legal channels through which he may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

Mr. Phillips has not met those requirements here. Generally, "[m]andamus relief is not appropriate when a petitioner fails to seek relief through the normal appeal process." *In re Fermin*, 859 F. App'x 904, 905 (Fed. Cir. 2021); s*ee also Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (finding that mandamus "may not appropriately be used merely as a substitute for the appeal procedure"); *In re Pollitz,* 206 U.S. 323, 331 (1907) ("[M]andamus cannot . . . be used to perform the office of an appeal . . . ."). Because Mr. Phillips failed to timely raise his challenges on appeal, mandamus is not appropriate.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

September 14, 2022                    /s/ Peter R. Marksteiner
        Date                          Peter R. Marksteiner
                                      Clerk of Court