NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  THOMAS L. RUSH,**
*Petitioner*

---

2023-142

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in Nos. 15-4845 and 22-1168, Senior Judge Lawrence B. Hagel.

---

## ON PETITION AND MOTION

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Thomas L. Rush has filed a petition seeking a writ of mandamus directing various relief.  He also moves to proceed *in forma pauperis* with regard to the petition.

In 2016, the United States Court of Appeals for Veterans Claims ("CAVC") entered judgment in CAVC No. 15-4845 dismissing Mr. Rush's appeal from the denial of his benefits claims for lung and heart disorders.  In February 2023, the CAVC also entered judgment in CAVC No. 22-1168 affirming the denial of Mr. Rush's benefits claim for

a cardiovascular disorder.  Mr. Rush did not file a timely appeal from either of those cases.

Mr. Rush's petition now seeks, *inter alia*, payment of his claim in CAVC No. 15-4845 and the "declassification" of CAVC No. 22-1168.*  ECF No. 2 at 1.  But mandamus is an extraordinary remedy, available only where the petitioner shows: (1) a clear and indisputable right to relief; (2) there are no adequate alternative legal channels through which he may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances.  *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004).  Mr. Rush has not met that standard here.

Generally, "[m]andamus relief is not appropriate when a petitioner fails to seek relief through the normal appeal process."  *In re Fermin*, 859 F. App'x 904, 905 (Fed. Cir. 2021); *see also Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (finding that mandamus "may not appropriately be used merely as a substitute for the appeal procedure"); *In re Pollitz*, 206 U.S. 323, 331 (1907) (explaining "mandamus cannot . . . be used to perform the office of an appeal").  Because Mr. Rush did not timely raise his challenges in a normal appeal, mandamus is not appropriate here.

Accordingly,

---

*    Mr. Rush also requests the removal of an attorney "imposed on him secretly."  ECF No. 2 at 1.  However, the CAVC's February 2023 decision noted that Mr. Rush was "[s]elf-represented."  *Id*. at 4.

IT IS ORDERED THAT:

The petition and all pending motions are denied.

FOR THE COURT

October 18, 2023                          Jarrett B. Perlow
    Date                                 Clerk of Court