## THE ALBATROSS.

### PERLSTEIN v. UNITED STATES.

Circuit Court of Appeals, Third Circuit. April 21, 1927.

No. 3560.

Admiralty ☞108—In libel by United States, decree, though carrying costs "to be taxed," is final, requiring application for appeal within three months (Comp. St. §§ 1126b, 1624, 8086, 8132).

In libel by United States, under Rev. St. §§ 4337, 4377 (Comp. St. §§ 8086, 8132), decree, including costs "to be taxed," which puts an end to litigation, is final, so as to require application for appeal within three months, under Act Feb. 13, 1925, § 8 (c), being Comp. St. § 1126b, notwithstanding Rev. St. § 983 (Comp. St. § 1624), since clerk, by taxing costs, has no power to make or amend decree.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Libel by the United States against the steam tug Albatross, her engines, etc.; Morris Perlstein, claimant. Decree for the United States, and the claimant appealed. On motion to dismiss. Motion granted.

Elwood S. Leary, of Newark, N. J. (Louis Halle and Nathan April, both of New York City, of counsel), for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Walter H. Bacon, Jr., Asst. U. S. Atty., of Trenton, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. United States, acting under sections 4337 and 4377 of the Revised Statutes (Comp. St. §§ 8086, 8132), filed a libel in rem for the forfeiture of the steam tug Albatross. After arrest and release of the boat, and the usual intermediate proceedings of appraisal and stipulation for value, the court on February 25, 1926, entered what purports to be a final decree awarding the libelant the right to recover on the bond an amount covering principal and interest. On June 19, 1926, the claimant petitioned for the allowance of an appeal, and on September 20, following, the court al-

lowed an appeal as of the date of the petition. After the appeal had reached this court, the libelant moved that it be dismissed on the ground that as three months had elapsed between the entry of the decree and application for an appeal, the allowance was improvidently made and the appeal invalidly taken. 43 Stat. 936, 940, c. 229, § 8(c), being Comp. Stat. § 1126b. If this were all, we should, without comment, dispose of the motion adversely to the appellant under the mandatory provision of the cited act and by force of our ruling in Muma v. Bodine (C. C. A.) 16 F.(2d) 463. But the appellant says that the decree appealed from, concluding as it does with the words that the United States have judgment for a named amount "together with costs of suit *to be taxed,*" was not final on February 25, 1926, the date of its entry, because the costs were not taxed and were not included, and in consequence the three months limitation for appeal did not then begin to run.

The appellant bases this contention on section 983 of the Revised Statutes (Comp. St. § 1624), which provides that fees for the clerk, marshal and attorney, costs of printing, etc., "shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party," arguing that until so taxed and included the decree is incomplete and therefore not final. If the appellant be right in this construction of the statute, we cannot see how it can help him, for, if the decree is not final because it does not include taxed costs— and there is nothing to show they were ever taxed—it follows he took his appeal prematurely in that he took it from a decree lacking the requisite finality. Returning to his contention that, under the cited provision of the Revised Statutes, taxation of costs and their inclusion in a judgment or decree is a prerequisite to its finality, we are of opinion, based not alone on long and uniform practice but on the sense of the statute, that when a decree, though carrying costs generally, puts an end to the litigation, it is final. Its character is not affected one way or another by the subsequent taxation of disputed costs by a judge or of undisputed costs by a clerk preliminary to issuing execution on or entering satisfaction of the decree. Certainly a clerk by taxing costs has no power to make or amend a decree. The plain purpose of section 983 R. S., is to make a judgment or decree carry costs when taxed and provide for their recovery.

The motion to dismiss the appeal is granted.