FLORES I. SALUD and ROSITA SALUD, Movants-Appellants, *v.* FINANCIAL SECURITY INSURANCE COMPANY, LTD., Respondent-Appellee

NO. 12178

(SPECIAL PROCEEDING NO. 87-0021)

NOVEMBER 10, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* Financial Security Insurance Company (FSIC) moves to dismiss the appeal brought by Flores and Rosita Salud from an order of the Circuit Court of the First Circuit denying their motion to vacate an arbitration award. Since appeals in civil matters are allowed from "all final judgments, orders, or decrees . . . , except as otherwise provided by law," Hawaii Revised Statutes (HRS) § 641-1, and HRS § 658-15 expressly provides "an appeal may be taken from an order vacating an award, or from a judgment entered upon an award," we agree with FSIC that we lack "jurisdiction to hear the appeal at this time."

I.

Mrs. Salud was injured on April 4, 1982 when an automobile in which she was a passenger veered off the highway. The accident occurred when the driver, Maria Guerrero, lost control of the motor vehicle while attempting to avoid a head-on collision with an unidentified vehicle. Subsequently, Mrs. Salud and her husband each received $25,000 from Mrs. Guerrero's liability insurance carrier, the sum paid Flores Salud representing damages for loss of consortium. Mr. and Mrs. Salud then sought additional sums from FSIC under the uninsured motorist provisions of their own automobile insurance policy. FSIC disputed their claims of damages in excess of the amounts already paid by Mrs. Guerrero's carrier, and the dispute was submitted to an arbitrator for resolution as stipulated in the policy.

The arbitrator conducted a hearing on the claims and found "the $25,000 [Mrs. Salud] received [was] sufficient to compensate her fully for [her] injuries" and "the $25,000 [Mr. Salud] received" was reasonable compensation for any loss of consortium. Thus, the claimants were awarded nothing in the arbitration decision rendered on January 9, 1987.

Invoking HRS chapter 658,[1] the Saluds promptly sought a circuit court review of the decision. The court denied their motion to vacate the award, and an order of denial was entered on April 23, 1987. The Saluds noted an appeal from the order on May 6, 1987. FSIC moved to dismiss the appeal on August 31, 1987, arguing "the Hawaii Appellate Courts lack jurisdiction over the instant appeal" because "there has been no entry of final judgment confirming the Arbitrator's award."

## II.

"The right of appeal is purely statutory and exists only when given by some Constitutional or statutory provision." *Chambers v. Leavey*, 60 Haw. 52, 57, 587 P.2d 807, 810 (1978) (citations omitted). "Appeals [are] allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts . . . to the supreme court or to the intermediate appellate court, except as otherwise provided by law." HRS § 641-1(a). The order from which an appeal has been taken here appears to have conclusively determined the matter presented to the circuit court. Yet, a seemingly "final" order is not an appealable order if the law provides otherwise. And in our view the statutory provisions governing judicial review of arbitration awards preclude an appeal from an order of the circuit court *denying* a motion to vacate an award.

By virtue of HRS § 658-8, any party to an arbitration "[a]t any time within one year after the award is made and served, . . . may apply to [a] circuit court . . . for an order confirming the award." Upon such application "the court shall grant [the] order," unless it

---

[1] HRS § 658-11 reads:

Notice of a motion to vacate, modify, or correct an award, shall be served, in the manner prescribed for service of notice of a motion in an action, upon the adverse party or the adverse party's attorney within ten days after the award is made and served. For the purposes of the motion any judge who might make an order to stay the enforcement of a judgment, in an action brought in the same court, may make an order to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award. The record shall be filed with the motion as provided by section 658-13.

finds the award should be "vacated, modified, or corrected" for any of the reasons delineated in HRS §§ 658-9 and 658-10.[2] HRS § 658-8. One who seeks to vacate an award. however, must do so within ten days after the award is made and served. *See supra* note 1.

When "an order[] confirming, modifying, or correcting an award" is granted, the relevant statute directs that "the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry of judgment." HRS § 658-12.[3] And "[a]n ap-

---

[2] HRS § 658-9 reads:

Vacating award. In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means;
(2) Where there was evident partiality or corruption in the arbitrators, or any of them;
(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators.

And

HRS § 658-10 reads:

Modifying or correcting award. In any of the following cases, the court may make an order modifying or correcting the award, upon the application of any party to the arbitration:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award;
(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof, and promote justice between the parties.

[3] HRS § 658-12 reads:

Entry of judgment. Upon the granting of an order, confirming, modifying, or correcting an award, the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry of judgment. An appeal may be taken from such judgment as hereinafter set forth.

peal may be taken from such judgment as . . . set forth [thereafter in chapter 658]." *Id.* But nothing set forth thereafter allows an appeal from an order *denying* a motion to vacate an award; HRS § 658-15 proclaims instead in unmistakable terms that "an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, . . . otherwise no appeal may be had."[4]

Still, this does not mean that the *denial* of a motion to vacate an award by the circuit court necessarily forecloses an appeal sanctioned by HRS § 658-15. The unsuccessful movant's recourse would then be a motion to confirm the award. Since the circuit court has already reviewed the award and decided no grounds exist for vacating it, a confirmation should follow. The movant could then perfect an appeal and obtain appellate review of the order confirming the award.

The foregoing procedure would also make it possible for someone whose motion for modification or correction of an arbitrator's award has been denied to seek appellate review of the circuit court's ruling. And where confirmation of the award is sought to facilitate an appeal in either situation, the movant would not, of course, be estopped from urging the vacation, modification, or correction of the award on appeal.

The instant appeal, having been taken from an order denying a motion to vacate an award, is dismissed.

*Lisa K.Y. Pang (Robert P. Richards* with her on the motion; *Davis, Reid & Richards,* of counsel) for appellee.

*Thomas Kaster (Erlinda Dominguez* with him on opposing memorandum; *Erlinda Dominguez,* Attorney-at-Law, of counsel) for appellants.

---

[4] HRS § 658-15 reads:

Appeal when. Unless the agreement for award provides that no appeal may be taken an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action, otherwise no appeal may be had.