881 P.2d 1234

**Alvin D. OPPENHEIMER,**
**Plaintiff–Appellant,**

v.

**AIG HAWAI'I INSURANCE CO., John Does 1–5; Jane Does 1–5; Doe Corporations 1–5; Roe Non–Profit Organizations 1–5; Roe Governmental Entities 1–5, Defendants–Appellees.**

**No. 16375.**

Supreme Court of Hawai'i.

Sept. 30, 1994.

---

Herbert R. Takahashi, Stanford H. Masui and Danny J. Vasconcellos of Takahashi & Masui, on the briefs, Honolulu, for plaintiff-appellant Alvin D. Oppenheimer.

Carleton B. Reid and Roy F. Epstein of Reid, Richards, & Miyagi, on the briefs, Honolulu, for defendant-appellee AIG Hawai'i Ins. Co.

Before MOON, C.J., LEVINSON and NAKAYAMA, JJ., BURNS, Intermediate Court of Appeals Chief Judge, assigned by reason of vacancy, and WATANABE, Intermediate Court of Appeals Associate Judge, in place of KLEIN, J., recused.

MOON, Chief Justice.

Plaintiff-appellant Alvin D. Oppenheimer appealed the First Circuit Court's order granting defendant-appellee AIG Hawai'i Insurance Co.'s (AIG) motion to confirm an arbitration award in connection with Oppenheimer's claim for uninsured motorist benefits. Based on *Salud v. Financial Security Insurance Co.*, 69 Haw. 427, 745 P.2d 290 (1987), this court dismissed Oppenheimer's appeal for want of appellate jurisdiction on December 11, 1992 because the notice of appeal was not filed "within 30 days after the date of entry of the judgment or order ap-

pealed from." Hawai'i Rules of Appellate Procedure (HRAP) 4(a)(1).

Oppenheimer filed a motion for reconsideration wherein he essentially argued that (1) the circuit court's order confirming the arbitration award "was not a final judgment from which an appeal could be taken," and (2) the judgment and entry of judgment, filed on July 28, 1992 pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b), "triggered the filing of appeal, and since [the notice of] appeal was filed [on] August 5, 1992, the appeal [was] timely made." This court granted Oppenheimer's motion for reconsideration and ordered the parties to submit supplemental briefs addressing whether this court has appellate jurisdiction.

We conclude that this court lacks appellate jurisdiction; consequently, we need not address any of the issues raised in this appeal.

## I. *BACKGROUND*

On June 19, 1989, Oppenheimer, while operating a motor vehicle owned by Tommy McHelhanon, was involved in an accident with an uninsured motorist. Oppenheimer made a claim for uninsured motorist benefits under McHelhanon's insurance policy issued by AIG. When AIG failed to respond, Oppenheimer filed the instant lawsuit claiming entitlement to uninsured motorist benefits and alleging bad faith against AIG in the handling of the uninsured motorist claim. AIG moved for a stay of proceedings pending arbitration with respect to Oppenheimer's claim for uninsured motorist benefits, as required by the terms of McHelhanon's policy, which the court granted.

An arbitration hearing was held and the arbitrator issued his decision on August 29, 1991, awarding Oppenheimer $72,695.34 in damages. On October 30, 1991, AIG filed a motion to confirm the arbitration award, requesting that the award be modified to permit a set-off for no-fault benefits. Oppenheimer opposed AIG's motion, arguing, *inter alia,* that because AIG was actually seeking a modification of the award, its motion was untimely under Hawai'i Revised Statutes (HRS) chapter 658.

On March 31, 1992, the circuit court entered its order granting AIG's motion to confirm and its request that the award be reduced by $10,546.81, the amount of no-fault benefits paid. The order, certified as final pursuant to HRCP Rule 54(b),[1] states in pertinent part:

> IT IS HEREBY ORDERED, AD-JUDGED AND DECREED that defendant AIG Hawai'i Insurance Co.'s Motion to Confirm Arbitrator's Award as Modified filed on October 30, 1991, is granted with the defendant being responsible to pay plaintiff $62,148.53 in uninsured motorist benefits.

> IT IS FURTHER ORDERED, AD-JUDGED AND DECREED that the [c]ourt makes an express determination that there be no just reason for delay, the [c]ourt expressly directs the entry of a final judgment on one of the claims in this case, as to plaintiff's claims against defendant for the amount of the arbitrator's award under the uninsured motorist policy for uninsured motorist benefits pursuant to Rule 54(b), Hawai'i Rules of Civil Procedure.

On July 28, 1992, a judgment and notice of entry of judgment "against" Oppenheimer[2]

---

1. HRCP Rule 54(b) provides in pertinent part:
   **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. The order confirming the arbitration award, as modified, awarded Oppenheimer $62,148.53 in uninsured motorist benefits; thus, even though the arbitrator's award was reduced by the amount of prior no-fault payments, Oppenheimer prevailed on his claim against AIG for uninsured motorist coverage. Curiously, however, the

were filed pursuant to HRCP 54(b). Oppenheimer thereafter filed his notice of appeal on August 5, 1992.

## II. *DISCUSSION*

AIG argues in its supplemental brief that this court lacks jurisdiction to consider Oppenheimer's appeal because he did not file a timely notice of appeal under HRAP 4(a). HRAP 4(a) provides, in pertinent part:

> In a civil case in which an appeal is permitted by law as of right from a court or agency or by an order of a court granting an interlocutory appeal or by a Rule 54(b), HRCP ... certificate from the court appealed from, the notice of appeal ... shall be filed by a party with the clerk of the court or agency appealed from within 30 days after the date of entry of the judgment or order appealed from.

Relying on *Salud v. Financial Security Insurance Co., Ltd.*, 69 Haw. 427, 745 P.2d 290 (1987), AIG contends that the time to file an appeal in this case began to run upon the filing of the order confirming the arbitration award, which order was filed on March 31, 1992. Oppenheimer argues that the time to file an appeal did not begin to run until July 28, 1992, when the court filed the judgment and notice of entry of judgment. Because he filed his notice of appeal on August 5, 1992, Oppenheimer submits that his appeal was well-within thirty days of July 28, and therefore, the appeal was timely.

▬ As we stated in *Salud*, " '[t]he right of appeal is purely statutory and exists only when given by some Constitutional or statutory provision.' " *Id.* at 429, 745 P.2d at 292 (quoting *Chambers v. Leavey*, 60 Haw. 52, 57, 587 P.2d 807, 810 (1978)). Because the statutory provisions governing judicial review of arbitration awards precluded an appeal from an order *denying* a motion to vacate an arbitration award, we held in *Salud* that this court lacked jurisdiction. However, implicit

in our ruling in *Salud* is that, by virtue of HRS § 658–12,[3] an order confirming an arbitration award is a final judgment from which an appeal may be taken. *Salud*, 69 Haw. at 431, 745 P.2d at 293. Therefore, based on *Salud* and the express language of HRS § 658–12, the circuit court's order granting AIG's motion to confirm the arbitration award constituted the entry of judgment and triggered the running of the time within which Oppenheimer could file his notice of appeal. Because the notice of appeal was filed more than four months after the filing of the order confirming the arbitration award, the appeal was untimely.

▬ However, Oppenheimer argues that *Salud* is distinguishable because *Salud* involved a "special proceeding filed solely to review the arbitration decision in that case. Therefore, the decision of the lower court ... was 'final' for purposes of appellate jurisdiction." Oppenheimer contends that the arbitration award decided only his entitlement to damages under the uninsured motorist policy; it did not adjudicate his claims for bad faith under the various theories alleged in the complaint. Therefore, Oppenheimer concludes that, because other claims remained pending in his case, there was no final judgment until the order granting Rule 54(b) certification *and* judgment were properly entered on the arbitration award issue.

We agree that in most cases involving multiple-claims or multiple-parties, "[i]f the trial court intends the judgment to be final as far as [certain] claims or parties are concerned, ... it must so state when a party moves for a declaration of finality pursuant to Rule 54(b); and it must do so in the unmistakable terms demanded by the rule." *International Savings & Loan Ass'n v. Woods*, 69 Haw. 11, 19, 731 P.2d 151, 156 (1987). However, as discussed below, in the context of the Arbitration and Awards statute, a Rule 54(b) certification of an order

---

judgment was entered in favor of AIG and against Oppenheimer "as to the amount of the arbitrator's award," presumably because AIG prevailed in its efforts to reduce the award, which Oppenheimer strenuously opposed.

3. HRS § 658–12 (1985) provides that "[u]pon the granting of an order, confirming, modifying, or correcting an award, the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry of judgment. An appeal may be taken from such judgment as hereinafter set forth."

confirming, modifying, or correcting an award is unnecessary.

By virtue of HRS § 641–1(a) (1985), "[a]ppeals shall be allowed in civil matters from all *final* judgments, orders, or decrees of circuit and district courts . . . to the supreme court or to the intermediate appellate court, *except as otherwise provided by law*[.]" (Emphasis added.) One such exception carved out by the legislature appears in the Arbitration and Award statute, which specifically provides that "[u]pon the *granting of an order, confirming,* modifying, or correcting an award, the same *shall be filed in the office of the clerk* of the circuit court and *this shall constitute the entry of judgment. An appeal may be taken from such judgment as hereinafter set forth.*" HRS § 658–12 (emphasis added). Based on well-established principles of statutory construction, the more specific Arbitration and Award statute, HRS chapter 658, must prevail over the general appeal statute, HRS § 641–1. *See Richardson v. City and County of Honolulu,* 76 Hawai'i 46, 54–55, 868 P.2d 1193, 1201–02 ("[in] interpreting general statutes that may appear to be in conflict with specific statutes relating to the same subject matter . . . the specific will be favored") (citation omitted) (internal quotation marks omitted), *reconsideration denied,* 76 Hawai'i 247, 871 P.2d 795 (1994).

Given the specifics of HRS § 658–12, the co-existence of HRS § 641–1 and HRS § 658–15 is consistent with the policy underlying the Arbitration and Awards Statute, HRS chapter 658. In *Mars Constructors, Inc. v. Tropical Enterprises, Ltd.,* 51 Haw. 332, 460 P.2d 317 (1969), this court stated:

> It is generally considered that parties resort to arbitration to settle disputes more expeditiously and inexpensively than by a court action. . . . [I]t must be deemed that the primary purpose of arbitration is to avoid litigation.
>
> In furtherance of this objective, our legislature enacted the Arbitration and Awards statute, HRS, Ch. 658 . . . .

*Id.* at 334–35, 460 P.2d at 318–19 (citations omitted); *see also Jeffers,* 73 Haw. at 209, 830 P.2d at 508 ("[l]ack of finality would discourage parties from arbitrating their disputes and would contravene the public purpose of arbitration"); *Kamaole Two Hui v. Aziz Enter., Inc.,* 9 Haw.App. 566, 573, 854 P.2d 232, 236 (1993) ("[t]he public policy of HRS chapter 658 is to encourage arbitration as a means of settling disputes, thereby avoiding litigation").

By carving out a specific exception to HRS § 641–1(a), the legislature has clearly provided for direct appeals from orders confirming, modifying or correcting an arbitration award entered pursuant to HRS § 658–12 that is wholly consistent with its intent that matters subject to arbitration be expeditiously and inexpensively resolved. In other words, regardless of their connection to issues to be resolved in the normal course of litigation in a civil case, issues raised in a complaint but subject to arbitration will be resolved in a more expeditious and inexpensive manner. Moreover, we note that the determination of issues by arbitration will usually have the effect of narrowing the remaining issues in a case and, in turn, will decrease the time and cost attributed to litigating the non-arbitrable issues.

Based on the foregoing, we hold that all matters placed in issue by a civil complaint filed in our courts that are subject to arbitration are to be considered separate and apart from those issues subject to the normal litigation process; therefore, arbitration awards would be appealable regardless of the status of the civil case. Similarly, a final judgment in a civil case disposing of issues other than those earmarked for arbitration would be appealable without regard to the status of the arbitration process.

In light of the foregoing, the Rule 54(b) certification contained in the order confirming the arbitration award in the instant case, filed on March 31, 1992, was unnecessary and superfluous.

Even if Rule 54(b) applied in this case, as Oppenheimer contends, his notice of appeal was untimely. Oppenheimer presented a separate "judgment" to the court, which was filed, along with a notice of entry of judgment, on July 28, 1992. The judgment stated:

Pursuant to the Findings of Fact, Conclusions of Law,[4] and Order entered herein on March 31, 1992, by [the] Honorable Robert G. Klein, there being no just reason for delay, Judgment is hereby entered in accordance with Rule 54(b), Hawai'i Rules of Civil Procedure in favor of Defendant AIG Hawai'i Insurance Co., and against Plaintiff Alvin D. Oppenheimer as to the amount of the arbitrator's award under the uninsured motorist policy for uninsured motorist benefits.[5]

However, in *King v. Wholesale Produce Dealers Association,* 69 Haw. 334, 741 P.2d 721 (1987), we held that a "[Rule] 54(b) order makes a judgment [6] final, both for purposes of execution and appeal, and, consequently, the time for filing the notice of appeal runs from the entry of that order." *Id.* at 335, 741 P.2d at 722 (emphasis added). Based on *King,* Oppenheimer's judgment and the entry of judgment were superfluous. The time for filing the notice of appeal clearly began to run from the entry of the March 31, 1992 order, which contained a 54(b) certification, confirming the arbitration award. However, as we have stated, in the context of the Arbitration and Award statute, HRS chapter 658, such certification was unnecessary and superfluous.

■ In light of our recent decision in *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 869 P.2d 1334 (1994) (per curiam), which overrules *King,* we deem it necessary to briefly discuss the impact of *Jenkins* on the issues raised here. After March 31, 1994, the effective date of *Jenkins,* all circuit court orders resolving claims against parties must, as a general matter, be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP 58 before an appeal may be taken. *Jenkins,* 76 Hawai'i at 119, 869 P.2d at 1338. HRCP 58 provides in relevant part: "The filing of the judgment in the office of the clerk constitutes entry of the judgment; and the judgment is not effective before such entry. The entry of the judg-

ment shall not be delayed for the taxing of costs. Every judgment shall be set forth on a separate document." Under *Jenkins,* if a judgment resolves fewer than all claims against all parties or reserves any claim for later action by the court, an appeal may be taken from such judgment only if it contains the language necessary for certification under HRCP 54(b). *Id.* In other words, after March 31, 1994, a party cannot appeal from a circuit court order even though the order may contain 54(b) certification language; the order must be reduced to a judgment and the 54(b) certification language must be contained therein. We note, however, that in the context of the Arbitration and Award statute where direct appeals are specifically conferred by the statute, i.e. HRS § 658–12, the separate document requirement prescribed in *Jenkins* does not apply.

### III. CONCLUSION

■ Based on the foregoing, we conclude that the time to file a notice of appeal in this case began to run on March 31, 1992, the date that the order confirming the arbitration award was filed. Pursuant to HRAP 4(a), the notice of appeal should have been filed by April 30, 1992; however, because Oppenheimer filed his notice of appeal on August 5, 1992, the appeal was untimely. Accordingly, the appeal is dismissed for lack of appellate jurisdiction.

---

4. We note that there are no "Findings of Fact, Conclusions of Law" in the record.

5. *See supra* note 2.

6. Under HRCP 54(a), " '[j]udgment' as used in these rules includes a decree and any *order* from which an appeal lies." (Emphasis added.)