22 P.3d 84

Bonnie K. BURKE, Petitioner–Appellee,

v.

COUNTY OF MAUI, Respondent–Appellant.

No. 23917.

Supreme Court of Hawai'i.

May 3, 2001.

Gerald T. Johnson (of Ueoka & Ueoka), for the petitioner-appellee, Bonnie K. Burke, on the motion.

Judith M.E. Williams, Deputy Corporation Counsel, for the respondent-appellant, County of Maui, in opposition to the motion.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

**PER CURIAM.**

The respondent-appellant County of Maui (County) is appealing from orders and judgments entered by the Circuit Court of the Second Circuit granting the petitioner-appellant Bonnie R. Burke's petition for enforcement of a decision awarding worker's compensation benefits pursuant to Hawai'i Revised Statutes (HRS) § 386–91 (1993). Burke moves for dismissal of the appeal for lack of jurisdiction on the ground that the County failed to file a timely notice of appeal.

For reasons other than those set forth by Burke, we grant the motion and dismiss this appeal for lack of appellate jurisdiction.

## I. BACKGROUND

Burke was a police officer in the employ of the Maui Police Department when she filed a worker's compensation claim alleging a stress injury on April 3, 1997. On January 14, 1998, the Disability Compensation Division (DCD) of the Department of Labor and Industrial Relations (DLIR) awarded benefits to Burke. The County did not appeal the decision and benefits were paid in accordance with the DCD's award. The award specifically stated as follows:

> Pursuant to § 386–31(b), HRS, said employer shall pay to the claimant weekly compensation of $436.48 for temporary total disability beginning April 6, 1997 through April 13, 1997; July 1, 1997 through July 31, 1997, and beginning October 29, 1997 and terminating at such time as is determined by the Director that such disability has ended.

On January 6, 2000, the County advised Burke (who now lives in California) in writing of its intent to terminate temporary total disability (TTD) benefits on February 1, 2000. On February 4, 2000, Burke filed a petition in the circuit court for enforcement of the DCD's decision, pursuant to HRS § 386–91(a),[1] seeking continuation of TTD benefits until such benefits might be termi-

---

1. HRS § 386–91(a) authorizes the circuit court to render judgments enforcing the decisions of the director of the Department of Labor and Industrial Relations upon the filing by any party in interest or the director, *inter alia*, of a certified copy of "a decision of the director assessing penalties, or awarding compensation or other relief, including attorneys fees, from which no appeal has been taken within the time allowed therefor[.]"

289

nated in accordance with the DCD's decision. Burke also sought penalties against the County, as well as attorney's fees and costs. On March 13, 2000, the County filed a memorandum in opposition to Burke's petition on the ground that the matter was within the jurisdiction of the DLIR pursuant to HRS §§ 386-73 and 386-31(b), and, thus, Burke was barred from commencing an action in the circuit court until she had exhausted her administrative remedies.

The circuit court concluded it had jurisdiction to enforce the DCD's decision and, on March 23, 2000, entered an order granting Burke's petition for enforcement. On June 28, 2000, the circuit court entered an order denying the County's motion for entry of judgment and certification of judgment pursuant to HRCP Rule 54(b). On the same day, the circuit court entered a judgment directing worker's compensation payments to continue. On July 10, 2000, the circuit court entered an order granting Burke's amended motion to assess a penalty and for taxation of attorney's fees and costs. On November 9, 2000, the circuit court entered a final judgment, pursuant to HRS § 386-91, as follows: (1) the County was to continue to pay TTD benefits until the Director determined that Burke's temporary total disability had ended; and (2) the County was ordered to pay Burke (a) $21,875.00 in attorney's fees, (b) $844.38 in costs, and (c) $490.14 in penalties. The court stayed the payment of fees and costs pending appeal.

On November 21, 2000, the County filed a notice of appeal from the foregoing orders and judgments. Burke now moves to dismiss the County's appeal for lack of jurisdiction on the ground that the notice of appeal was untimely, having been filed more than thirty days after the judgment entered on June 28, 2000. The County opposes the motion, arguing that the June 28, 2000 judgment was not the final judgment because it omitted the resolution of remaining claims for assessment of penalties and attorney's fees and costs. Thus, the County contends that the appeal was timely filed from the November 9, 2000 final judgment.

## II. *DISCUSSION*

■ This appeal must be dismissed, but not for the reasons proposed by Burke. It is well-settled that the right to appeal is purely statutory and exists only when given by some constitutional or statutory provision. *Oppenheimer v. AIG Hawai'i Ins. Co.*, 77 Hawai'i 88, 91, 881 P.2d 1234, 1237 (1994); *Salud v. Financial Security Insurance Co.*, 69 Haw. 427, 429, 745 P.2d 290, 292 (1987); *Chambers v. Leavey*, 60 Haw. 52, 57, 587 P.2d 807, 810 (1978). In the instant case, the County is appealing from a judgment entered pursuant to HRS § 386-91, and, thus, the appeal is governed by that statute. HRS § 386-91(a) specifically states:

> The [circuit] court shall render a judgment in accordance with the decision and notify the parties thereof. The judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though the judgment has been rendered in an action duly heard and determined by the court, *except that there shall be no appeal therefrom.*

(Emphasis added).

■ The language of the statute is clear. There is no appeal from a judgment entered pursuant to HRS § 386-91. Inasmuch as the plain language of HRS § 386-91(a) prohibits an appeal from a judgment entered in accordance with the statute, the County has no right to appeal from the judgments and orders entered in this matter.

We are aware that the Intermediate Court of Appeals (ICA) has issued a published opinion vacating a judgment entered pursuant to HRS § 386-91 and remanding the matter to the circuit court for further proceedings. *See Romero v. Star Markets, Ltd.*, 82 Hawai'i 405, 922 P.2d 1018 (App.1996). In that case, however, none of the parties to the appeal raised the issue of jurisdiction, and the ICA did not address the question of appellate jurisdiction in relation to the prohibition set forth in HRS § 386-91(a). *Romero* notwithstanding, a party to a worker's compensation proceeding has no right to appeal from a HRS § 386-91 judgment. By virtue of the statute's plain language, an appellate court simply lacks jurisdiction to consider a prohibited appeal.

### III. *CONCLUSION*

For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction.