**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

NO. CAAP-12-0000759

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KE KAILANI DEVELOPMENT LLC, a Hawaiʻi limited liability
company, and MICHAEL J. FUCHS, Plaintiffs-Appellants
v.
KE KAILANI PARTNERS LLC, a Hawaii limited liability company,
HAWAII RENAISSANCE BUILDERS LLC, a Delaware limited liability
company registerred in Hawaiʻi, et al., Defendants-Appellees
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE
CORPORATIONS 1-50, DOE LIMITED LIABILITY COMPANIES 1-50, DOE
ENTITIES  1-50, and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1577)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we
do not have jurisdiction over this appeal that Plaintiffs-
Appellants Ke Kailani Development, LLC, and Michael J. Fuchs
(Appellants) have asserted from the Honorable Bert I. Ayabe's
April 23, 2012 judgment, because the April 23, 2012 judgment does
not satisfy the requirements for an appealable final judgment

under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2011), Rules 54(b) and 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawaiʻi requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis). The finding necessary for certification is "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii

Ins. Co., 77 Hawaiʻi 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added).

The April 23, 2012 judgment does not resolve all claims against all parties in this case.  Neither does it contain the express finding of "no just reason for delay" in the entry of judgment that is necessary for a judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b).  Therefore, under the circumstances, the April 23, 2012 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins.  Absent an appealable final judgment in this case, the Appellants' appeal is premature and we lack jurisdiction over Appeal No. CAAP-12-0000759.

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000759 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, October 1, 2012.


Presiding Judge


Associate Judge


Associate Judge


-3-