Electronically Filed
Supreme Court
SCAP-13-0002408
30-OCT-2014
08:58 AM

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

FRIENDS OF MAKAKILO,
Petitioner/Intervenor/Cross-Appellant-Appellant,

vs.

D.R. HORTON-SCHULER HOMES, LLC,
a Delaware limited liability company,
d.b.a. D.R. HORTON-SCHULER DIVISION;
THE LAND USE COMMISSION OF THE STATE OF HAWAI'I;
OFFICE OF PLANNING, STATE OF HAWAI'I;
DEPARTMENT OF PLANNING AND PERMITTING,
CITY AND COUNTY OF HONOLULU,
Respondents/Appellees-Appellees,

and

THE SIERRA CLUB and THE HONORABLE SENATOR CLAYTON HEE,
Respondents/Appellants-Appellants.

_____

SCAP-13-0002408

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIV. NO. 12-1-2000)

OCTOBER 30, 2014

RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND POLLACK, JJ.,
AND CIRCUIT JUDGE CHANG, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY McKENNA, J.

## I.  Introduction

Petitioner/Intervenor/Cross-Appellant-Appellant Friends of Makakilo ("Friends" or "FOM"), a 501(c)(4) non-profit corporation, appeals from the Circuit Court of the First Circuit's Final Judgment dated June 26, 2013, and filed June 27, 2013, which affirmed its November 9, 2013 Order dismissing FOM's "cross-appeal"[1] as untimely.  Friends filed an Application for Transfer ("Application") with the Court on April 2, 2014.  The Court has accepted FOM's appeal as a discretionary transfer under Hawaiʻi Revised Statutes ("HRS") § 602-58 (Supp. 2013).

FOM's appeal poses a question of first impression: when must a party that seeks judicial review of an administrative decision in the form of a cross-appeal file notice of its cross-appeal in circuit court?  In brief, Friends suggests that cross-appeals may be filed within the deadlines set forth in Rule 4.1(b) of the Hawaiʻi Rules of Appellate Procedure ("HRAP"),[2] i.e., within fourteen days after the initial notice of appeal is served on the cross-appellant, or within the time prescribed for filing the notice of appeal, whichever is later.  Respondents/Appellees-Appellees D.R. Horton-Schuler Homes, LLC ("Horton-Schuler"), the Office of Planning, State of

---

[1]  This memorandum opinion employs quotation marks when referring to FOM's "cross-appeal" to demark that the at-issue document was thus named by Friends.  No further inferences about the content of the document should be made by use of this label.

[2]  HRAP Rule 4.1 (2012).

Hawai'i ("State"), and the Land Use Commission ("LUC") assert that there is no fourteen-day extension for the filing of cross-appeals, as all requests for judicial review must be filed within thirty days after service of the certified copy of the agency's final decision and order, as provided for in HRS § 91-14(b) (Supp. 2010).

## II.  Background

### A.   Procedural History

The at-issue "cross-appeal" arises from an LUC contested case hearing, Docket Number A06-771.  In January 2007, Horton-Schuler petitioned the LUC to reclassify certain lands in 'Ewa District, O'ahu from agricultural to urban use ("Ho'opili lands" or "Ho'opili Development").  Horton-Schuler later amended its petition in September 2008.  In February 2009, the LUC permitted Friends to intervene, and in September 2009, the LUC granted FOM's motion to declare the petition deficient, with leave to Horton-Schuler to amend.  Horton-Schuler filed subsequent amendments to its petition in May and July 2011.  In September 2011, the Sierra Club and Senator Clayton Hee were granted intervenor status.  The LUC continued a hearing on the revised petition on several discrete days from October 2011 to March 2012, with oral arguments held in May and June 2012.  In its June 21, 2012 Findings of Fact, Conclusions of Law, and Decision and Order ("Decision"), the LUC granted Horton-

Schuler's petition to reclassify the Hoʻopili lands subject to certain conditions.[3] A copy of the LUC's Decision was delivered to Friends on June 23, 2012.

On July 20, 2012, Senator Hee and the Sierra Club filed a notice of appeal with the Circuit Court of the First Circuit, requesting judicial review of the Decision ("Sierra Club appeal" or "Sierra Club notice of appeal"). On August 2, 2012, Friends filed a "Notice of Cross Appeal to Circuit Court." On August 23 and 24, 2012, the LUC and Horton-Schuler respectively filed motions to dismiss FOM's "cross-appeal."[4]

Oral argument on the motions was held on October 9, 2012. By an order dated November 9, 2012 ("Order"), the circuit court held, pursuant to HRS § 91-14, that: (a) FOM's "cross-appeal" was not allowed by law because aggrieved parties, as defined in HRS § 91-14, have a right to appeal an agency decision, but not a right to cross-appeal, and (b) it is undisputed that FOM's "cross-appeal," when viewed simply as a request for judicial review, was untimely. The circuit court further held that even if cross-appeals of agency decisions were permitted and FOM's "cross-appeal" was deemed timely, (1) the

---

[3] On June 27, 2012, the LUC issued errata to its Decision to correct a typographical error. A copy of the errata was delivered to Friends on June 29, 2012. None of the parties assert that the errata affect our consideration of the issues presented.

[4] The Office of Planning, State of Hawaiʻi joined both motions to dismiss, and Horton-Schuler joined the LUC's motion.

content of the "cross-appeal" exceeded the scope of FOM's limited intervention in the proceedings before the LUC, and (2) Friends lacked standing to appeal as an "aggrieved person." Accordingly, the circuit court dismissed FOM's "cross-appeal" with prejudice, and affirmed its Order by Final Judgment filed June 27, 2013.

## B.   Points of Error

In its opening brief, Friends identifies eight points of error.

Point one contends the circuit court erred when it concluded that, pursuant to HRS § 91-14, an aggrieved party in a contested case before the LUC "[does] not [have] the right to cross-appeal."

Points two through five repeat a single reason why the circuit court erred in concluding that FOM's "cross-appeal" was untimely:  "[T]he timely appeal by the Sierra Club/Hee divested the LUC of jurisdiction and cross-appeals were appropriate and allowed by Rule 4.1, H.R.A.P. thereby extending the deadline for a cross appeal to 14 days after the original appeal deadline of 30 days."

Points six and seven attack the circuit court's alternative rulings, which are based on the assumption that FOM's "cross-appeal" was timely and appropriately filed.

Lastly, in point eight, it appears Friends contends that because the November 9, 2012 Order dismissed Friends from the case, final judgment should not have been entered against it pursuant to that Order. "It is Friends' belief that due process would prohibit ruling on a party no longer a party to a case."

### III. Standards of Review

**A. Jurisdiction**

The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of an action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction. A judgment rendered by a circuit court without subject matter jurisdiction is void. Lingle v. Haw. Gov't Employees Ass'n, 107 Hawaiʻi 178, 183, 111 P.3d 587, 591 (2005) (citation and quotation marks omitted).

**B. Statutory Interpretation**

"Statutory interpretation is a question of law reviewable de novo." Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 67, 283 P.3d 60, 74 (2012) (citation omitted).

### IV. Discussion

The right to appeal is purely statutory and exists only when jurisdiction is given by some constitutional or

6

statutory provision. Lingle, 107 Hawai'i at 184, 111 P.3d at 593

(quotation marks omitted) (citing Burke v. Cnty. of Maui, 95

Hawai'i 288, 289, 22 P.3d 84, 85 (2001); Oppenheimer v. AIG Haw.

Ins. Co., 77 Hawai'i 88, 91, 881 P.2d 1234, 1237 (1994); Chambers

v. Leavey, 60 Haw. 52, 57, 587 P.2d 807, 810 (1978)).

Jurisdiction is conferred upon circuit courts to review

administrative decisions by HRS § 91-14, which provides in part:

> (a) Any person aggrieved by a final decision and order in a
> contested case . . . is entitled to judicial review thereof under
> this chapter; but nothing in this section shall be deemed to
> prevent resort to other means of review, redress, relief, or
> trial de novo, including the right of trial by jury, provided by
> law. . . .
>
> (b)   Except as otherwise provided herein, proceedings for review
> shall be instituted in the circuit court . . . within thirty days
> after service of the certified copy of the final decision and
> order of the agency pursuant to rule of court . . . . The court
> in its discretion may permit other interested persons to
> intervene.

HRS § 91-14.

It is uncontested that Friends did not file its

"cross-appeal" within "thirty days after service of the

certified copy of the final decision and order of the agency,"

as required by HRS § 91-14(b). Nevertheless, Friends contends

that the deadline set forth in HRS § 91-14(b) does not apply to

its "cross-appeal"; rather, court rules govern.[5] Specifically,

Friends asserts: (1) its "cross-appeal" was timely filed because

---

[5] Friends asserts the filing of the Sierra Club notice of appeal divested the
LUC of jurisdiction, but fails to explain why it therefore follows that the
Hawai'i Rules of Appellate Procedure govern its "cross-appeal" in circuit
court.

Rule 4.1 of the Hawai'i Rules of Appellate Procedure, which permits a party to file a cross-appeal within fourteen days of that party's receipt of another party's timely filed notice of appeal, applies to its "cross-appeal,"[6] and (2) nothing in HRS § 91-14 prohibits the filing of cross-appeals of agency decisions to circuit court.

## A.  HRS § 91-14 Permits the Filing of Cross-Appeals of Agency Decisions within the Time Allowed in HRS § 91-14(b)

As a preliminary matter, the term "cross-appeal" should be defined: where multiple requests for judicial review are initiated, "the appeal of each is called a 'cross-appeal' as regards that of the other[s]." Black's Law Dictionary 124 (4th ed. 1957).  In other words, cross-appeals exist whenever more than one party requests judicial review of the same decision.

The plain language of HRS § 91-14(a) shows the Hawai'i Legislature contemplated that multiple requests for review of a

---

[6]  HRAP Rule 4.1 provides:

> (a) Right of cross-appeal.
>     (1) If a timely notice of appeal is filed by a party, any other party may, if allowed by law, file a cross-appeal.
>     (2) In civil cases involving multiple-party plaintiffs or defendants, if one party files a timely notice of appeal, any other party, whether on the same or opposite side as the party first appealing, may file a notice of cross-appeal.
>     (3) In criminal cases, the state or the defendant may file a cross-appeal within the time and under the circumstances permitted by this rule if the appeal is otherwise allowed by law.
> (b) Manner and time of filing.
>     (1) A notice of cross-appeal shall be filed within 14 days after the notice of appeal is served on the cross-appellant, or within the time prescribed for filing the notice of appeal, whichever is later. . . .

HRAP Rule 4.1.

single decision and order may be initiated.  See HRS § 91-14 ("*Any person* aggrieved . . . is entitled to judicial review . . . ." (emphasis added)); Bowers v. Alamo Rent-A-Car, Inc., 88 Hawai'i 274, 277, 965 P.2d 1274, 1277 (1998) ("The starting point in statutory construction is to determine the legislative intent from the language of the statute itself." (citation and internal quotation marks omitted)).  Moreover, the Court has previously heard matters where multiple parties request judicial review of the same agency decision without sua sponte addressing the issue of jurisdiction.  See, e.g., Ka Pa'akai O Ka'aina v. Land Use Comm'n, 94 Hawai'i 31, 34, 39, 7 P.3d 1068, 1071, 1076 (2000) (noting that four distinct parties each filed separate timely agency appeals from the LUC's order to the Circuit Court of the Third Circuit, and addressing the appeals of the circuit court decision lodged by two of those parties); see also Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) ("When we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal." (quoting Familian Nw., Inc. v. Cent. Pac. Boiler & Piping, Ltd., 68 Haw. 368, 369, 714 P.2d 936, 937 (1986)) (internal quotation marks omitted)).  Thus, HRS § 91-14 specifically permits the filing of cross-appeals in circumstances where multiple parties request judicial review of an agency decision within the thirty-day window provided in HRS § 91-14(b).

9

The circuit court's Order might be read to be contrary to this, as the court stated: "Pursuant to [HRS] § 91-14, an aggrieved party to the proceedings below before the Land Use Commission has the right of appeal to the circuit court, but not the right to cross-appeal. . . . Haw. Rev. Stat. § 91-14[] . . . does not provide for cross-appeals . . . ." However, a careful examination of the Order reveals that the court was not concerned with whether multiple aggrieved parties are permitted to appeal the same agency decision, or whether aggrieved parties are denied a right to request judicial review of an agency decision if they are not first to file.[7] Indeed, had Friends filed its "Notice of Cross Appeal" within the thirty-day window provided in HRS § 91-14(b), timeliness would not be an issue.[8] Rather, the circuit court was concerned with whether HRS § 91-14 specifically addresses the right to "cross-appeal" according to the procedure described in Rule 4.1 of Hawai'i Rules of Appellate Procedure (or a similar procedure that provides additional time for the filing of a cross-appeal beyond the thirty-day window of HRS § 91-14(b)). The circuit court correctly observed, that by the statute's plain language, it does not.

---

[7] During oral argument in discussing Ka Pa'akai O Ka'aina, 94 Hawai'i 31, the circuit court acknowledged that multiple parties may request judicial review of the same agency decision.

[8] See supra note 7.

Yet, even if the plain language of a statute is clear, this court can nevertheless consider legislative history to ensure its interpretation of the statute does not produce an absurd result contrary to legislative intent.  See Survivors of Medeiros v. Maui Land & Pineapple Co., 66 Haw. 290, 297, 660 P.2d 1316, 1321 (1983) (observing that the plain language rule does not preclude this court from examining the legislative history to "adequately discern the underlying policy which the legislature seeks to promulgate and . . . to determine if a literal construction would produce an absurd or unjust result, inconsistent with the policies of the statute").  Accordingly, the following sections explore whether, despite the plain language of HRS § 91-14, the legislature intended to allow an extension of time to file cross-appeals in the manner described in HRAP Rule 4.1.

**B.  HRS § 91-14 Does Not Permit the Filing of Cross-Appeals of Agency Decisions Outside the Time Allowed in HRS § 91-14(b)**

**1.  Rule 72 of the Hawai'i Rules of Civil Procedure, Not Rule 4.1 of the Hawai'i Rules of Appellate Procedure, Applies to FOM's "Cross-Appeal."**

As a preliminary matter, we observe that HRAP Rule 4.1(a) appears to confer a "right" to cross-appeal in certain circumstances.  See HRAP Rule 4.1(a) (titling the provision as "Right of cross-appeal"); Haw. Const. art. VI, § 7 (stating that rules relating to "process, practice, procedure, and appeals"

promulgated by the Supreme Court have the "force and effect of law"); Cresencia v. Kim, 85 Hawaiʻi 334, 335, 944 P.2d 1277, 1278 (1997) ("The interpretation of a rule promulgated by the courts involves principles of statutory construction." (citation omitted)).  Nevertheless, there is no need to comment on whether a "right" to cross-appeal is bestowed by HRAP Rule 4.1, as the Hawaiʻi Rules of Appellate Procedure do not apply to a circuit court's review of administrative decisions and orders.  See HRAP Rule 1(a) ("Scope of Rules.  These rules govern all proceedings in the Hawaiʻi *appellate courts* except as otherwise provided by statute, Rules of the Supreme Court, or Rules of the Intermediate Court of Appeals." (emphasis added)); Rule 2.1 ("'[A]ppellate court(s)' or 'Hawaiʻi appellate court(s)' mean(s) the Hawaiʻi Supreme Court and the Hawaiʻi Intermediate Court of Appeals, collectively and individually, but does not include the land or tax appeal courts[.]").

Although a circuit court might assume an appellate role when reviewing administrative decisions, it is not an "appellate court" as that term is used in the HRAP, and therefore the HRAP — including Rule 4.1 — do not apply to it. Indeed, when the HRAP were first promulgated and adopted in 1984, Rules 73 through 76 of the Hawaiʻi Rules of Civil Procedure ("HRCP") (each relating to appeals to the Supreme Court) were deleted from the HRCP because they were addressed by the new

HRAP.  HRCP Rule 72, "Appeal to a Circuit Court," on the other hand, remained intact.  See Order Adopting Hawaii Rules of Appellate Procedure and Superseding Certain Other Rules (Apr. 16, 1984).  Simply put, by its plain language and history, the HRAP do not, nor were they ever intended to, address requests for judicial review of administrative decisions submitted to circuit courts; instead, the HRCP are the source of relevant rules.  See Cresencia, 85 Hawai'i at 335, 944 P.2d at 1278; Bowers, 88 Hawai'i at 277, 965 P.2d at 1277 ("A rational, sensible and practicable interpretation [of a statute] is preferred to one which is unreasonable or impracticable." (quoting State v. Lobendahn, 71 Haw. 111, 112, 784 P.2d 872, 873 (1989)) (internal quotation marks omitted) (brackets in original)).

The adoption of HRAP Rule 4.1 in 1999[9] and subsequent amendments do not alter this arrangement.  Tellingly, Rule 4.1 largely mirrors former HRCP Rule 73.  Compare HRAP Rule 4.1(a), (b) ("If a timely notice of appeal is filed by a party, any other party may, if allowed by law, file a cross-appeal. . . . A notice of cross-appeal shall be filed within 14 days after the notice of appeal is served on the cross-appellant, or within the time prescribed for filing the notice of appeal, whichever is

---

[9]  Effective January 1, 2000.  See Order Amending the Hawai'i Rules of Appellate Procedure (Dec. 6, 1999).

later."), with HRCP Rule 73(a)(2) (1972) ("[I]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise herein prescribed, whichever period last expires.").  HRCP Rule 72 (2012), the relevant portions of which have not changed since 1972 — prior to the enactment of the HRAP — lacks language similar to former HRCP Rule 73 or HRAP Rule 4.1.  Thus, when HRCP Rule 72 (appeals to a circuit court) is read together with former HRCP Rule 73 (appeals to the Supreme Court), it is evident that a fourteen-day cross-appeal provision was purposefully excluded from HRCP Rule 72.  This court's clear intent restricting the scope of HRCP Rule 72 is unchanged by the subsequent adoption of HRAP Rule 4.1.

Friends suggests that application of Rule 72 nevertheless permits the filing of cross-appeals.  According to Friends, because HRCP Rule 72(e) requires the statement of the case filed by an appellant be treated by the court "as near as may be[] as an original complaint,"  HRCP Rule 72(e),[10]  it

---

[10]     **Statement of case**. The appellant shall file in the circuit court concurrently with the filing of appellant's designation, a short and plain statement of the case and a prayer for relief. Certified copies of such statement shall be served forthwith upon every appellee. The statement shall be treated, as near as may be, as an original complaint and the provision of these rules respecting motions and answers in response thereto shall apply.

HRCP Rule 72(e).

14

therefore argues analogous treatment should be extended to the rest of the case so as to permit the filing of cross-appeals in the same manner as cross- or counter-claims.  Nothing in HRCP Rule 72(e) allows such an extension.  The focus of the rule is, as designated by its title, confined to (1) mandating the filing of a statement of the case together with a notice of appeal, and (2) applying the Hawai'i Rules of Civil Procedure with respect only to *motions* and *answers* — there is no mention of cross-appeals — that are filed in response to the statement.[11]  Friends fails to identify any support for a contrary interpretation.  Thus, the application of HRCP Rule 72 to FOM's "cross-appeal" does not give it the relief it seeks.

2. **The Legislature Intended HRS § 91-14 to Conform with HRCP Rule 72.**

The limited scope of HRCP Rule 72 bears on a proper interpretation of HRS § 91-14.  The Hawai'i Administrative Procedure Act ("HAPA" or "Hawai'i APA"), which includes HRS § 91-14, was enacted in 1961 and modeled after a 1959 draft of the National Conference of Commissioners' Model State Administrative

---

[11]  Friends also notes that HRCP Rule 81(e) (2006) requires that, except as otherwise provided in Rule 72, the Hawai'i Rules of Civil Procedure apply to all proceedings in circuit court, including certain administrative appeals such as the one here.  However, Friends fails to identify which rule of civil procedure the circuit court failed to apply that would have otherwise offered it the relief it seeks.

Procedure Act ("1959 Draft").[12]  H. 1-8, Gen. Sess., at 654

(Hawaiʻi 1961).  The legislature intentionally deviated from the

1959 Draft with respect to Section 91-14(b) in order to "conform

to the procedure provided in the Hawaii Rules of Civil

Procedure. . . ."  Id. at 660.  Specifically, the legislature

required that, "[e]xcept as otherwise provided herein,

proceedings for review shall be *instituted in the circuit court*

*. . . pursuant to the provisions of the Hawaii rules of civil*

*procedure . . . .*"  HRS § 91-14(b) (1961) (emphasis added).[13]

See Lingle, 107 Hawaiʻi at 183, 111 P.3d at 591 ("[O]ur foremost

obligation is to ascertain and give effect to the intention of

the legislature, which is to be obtained primarily from the

language contained in the statute itself.  And we must read

statutory language in the context of the entire statute and

construe it in a manner consistent with its purpose." (internal

quotation marks and citation omitted)).

Thus, when first enacted in 1961, HRS § 91-14(b)

employed language that expressly triggered the rule concerning

---

[12]   The final version of the Revised Model State Administrative Procedure Act was approved in 1961, superseding the original 1946 Model Act.

[13]   Except as otherwise provided herein, proceedings for review shall be instituted in the circuit court within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency pursuant to the provisions of the Hawaii rules of civil procedure . . . .

HRS § 91-14(b) (1961).

appeals "instituted in the circuit court," HRCP Rule 72 — not former HRCP Rule 73 — and its accompanying intentional lack of a provision for an extension of time to file a cross-appeal.  A review of the legislative histories for post-1961 amendments to HRS § 91-14 does not provide reason to alter this interpretation of the legislature's intent.

3.  **Another State Has Concluded That in the Absence of a Specific Statutory Provision, "Cross-Appeals" of Administrative Decisions Are Subject to the Same Filing Deadlines as the Initial Appeal.**

Although it may be a matter of first impression for this court whether a cross-appeal of an administrative decision may be timely filed beyond the statutory deadline to institute administrative "proceedings for review," one other court has already addressed the issue:

> Courts to have considered similar statutory schemes [as that presented in Hawaiʻi's APA] have concluded that in the absence of a provision expressly extending the time for filing a cross-petition, any aggrieved party seeking judicial review of an administrative decision must file a separate, timely petition for review.  In other words, where another deadline is not specified, a cross-petition is subject to the same filing deadline as the original petition.

Ahmann v. Corr. Ctr. Lincoln, 755 N.W. 3d 608, 611 (Neb. 2008); see also id. at 611 nn.11, 12  (cases cited).

The circumstances in Nebraska are particularly insightful.  Up until 2008, the timing provision in Nebraska's APA read:  "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action

17

is taken within thirty days after the service of the final decision by the agency. . . ."  Neb. Rev. Stat. § 84-917(2)(a) (2008).  The statute's similarity to HRS § 91-14 is unsurprising as both the Hawaiʻi APA and Nebraska APA amount to "substantial adoption[s] of the major provisions of the Revised 1961 Model State Administrative Procedure Act."  15 Uniform Laws Annotated 180, 181 (Master ed. 2000).[14]  In reviewing the provision, the Nebraska Supreme Court held: "[B]ecause the [Nebraska] APA makes no mention of an extended or different deadline for filing a cross-petition . . . . the plain language of the APA requires that the same deadline be applied to any party seeking judicial review of an administrative decision."  Ahmann, 755 N.W.2d at 612 (footnote omitted).

In this case, HRS § 91-14(b)'s similar omission of extended or different deadlines to file a cross-appeal indicates that all parties seeking review in the circuit court must institute proceedings in the circuit court within thirty days after service of the certified copy of the agency's final decision and order.

---

[14]  The section regarding the deadline for requesting judicial review in the various iterations of the Model State Administrative Procedure Act has gone substantively unchanged.  Compare Model State Admin. Proc. Act § 12, 9C U.L.A. 179 (1957) (1946 Act), with Nat'l Conference of Comm'rs on Unif. State Laws, Revision of the Model State Admin. Proc. Act § 14 (1960) (reflecting recommendations made by committee members to the 1959 Draft), and Unif. Law Comm'rs Model State Admin. Proc. Act (1961) § 15, 15A U.L.A. 11 (2000).

## 4.   The Legislature, Not the Court, Should Balance Parties' Competing Interests.

Although there may be prudential reasons for applying the same deadline to all requests for judicial review,[15] such a rule may spark the filing of preemptive appeals, thereby wasting client and court resources.  Friends makes a similar argument: "If the silence of Rule 72 on cross appeals is interpreted as a denial of the right to file a cross appeal, the result is that every party in a contested case must file an appeal to protect itself in case another party files an appeal and does not include them as a party."  FOM's position, however, is based on an unfounded legal conclusion that an appellant's omission of a party from the appeal's case caption or service list precludes the "omitted" party from participating in the appeal.

In any event, it is within the purview of the legislature, not the court, to re-examine and address these competing interests.  For example, after the Nebraska Supreme Court's ruling in Ahmann, the Nebraska Legislature revised its APA to expressly "vest in a responding party of record the right to a cross-appeal against any other party of record," and provide the respondent with "thirty days after being served with

---

[15]   See, e.g., Ahmann, 755 N.W. 3d at 611–12 ("Applying the same deadline for petitions and cross-petitions serves to ensure that all the parties affected by an administrative decision are aware of any challenge to that decision and receive prompt notice of the issues presented for judicial review.").

the summons and petition for review" to serve its cross-appeal. Neb. Rev. Stat. § 84-917(2)(a) (2009).

Unless the legislature enacts a similar provision, however, for the reasons already discussed, an "aggrieved person" seeking judicial review of an administrative decision under the Hawaiʻi APA must institute review proceedings within thirty days after service of the final decision and order, as provided in HRS § 91-14.  Accordingly, the circuit court did not err when it concluded Friends untimely filed its "cross-appeal."

**C.  As FOM's "Cross-Appeal" Was Untimely Filed, the Remaining Points of Error Need Not Be Reached by the Court**

Points of error six and seven concern the circuit court's alternative rulings that are contingent on a timely filed "cross-appeal."  As we affirm the circuit court's dismissal of FOM's "cross-appeal" as untimely, we need not, and do not, reach these points of error.

Further, Friends concedes that the issue raised in point of error eight is relevant only "if the case is reversed."  As we affirm the circuit court's dismissal of FOM's "cross-appeal," we need not reach point eight.

## V.  Conclusion

For the foregoing reasons, we affirm the circuit court's dismissal of FOM's "cross-appeal" as untimely.


Jack Schweigert and                    /s/ Mark E. Recktenwald
Linda M. B. Paul
for petitioner                         /s/ Paula A. Nakayama

Gregory W. Kugle and                   /s/ Sabrina S. McKenna
Matthew T. Evans
for respondent,                        /s/ Richard W. Pollack
D.R. Horton-Schuler
Homes, LLC                             /s/ Gary W. B. Chang



David M. Louie, Bryan C. Yee,
and Deborah Day Emerson
for respondent, Office of
Planning, State of Hawaiʻi

David M. Louie, Diane Erickson,
and Patricia Ohara for
respondent, Land Use Commission
of the State of Hawaiʻi

Donna Y. L. Leong and Dawn
Takeuchi Apuna for respondent,
Department of Planning and
Permitting, City and County
of Honolulu